UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────

JAY BRADSHAW,

                              Plaintiff,

                                                        9:21-CV-0826
                    v.                                  (MAD/CFH)

ERIC MARSHAL, et al.,

                              Defendants.

───────────────────────────────────

APPEARANCES:

JAY BRADSHAW
08-A-3654
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. LETITIA JAMES                    MATTHEW J. GALLAGHER, ESQ.
New York State Attorney General       Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224


MAE A. D'AGOSTINO
United States District Judge


**DECISION AND ORDER**

**I.      INTRODUCTION**

        Pro se plaintiff Jay Bradshaw commenced this action by filing a complaint asserting

claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed

in forma pauperis ("IFP"), and a motion for preliminary injunctive relief.  Dkt. No. 1 ("Compl.");

Dkt. No. 4 ("IFP Application"); Dkt. No. 2 ("Preliminary Injunction Motion").[1]  After this action was initiated, plaintiff filed a letter in further support of his request for injunctive relief wherein he detailed alleged wrongdoing that occurred after the complaint was filed.  *See* Dkt. No. 7 ("First Supplemental Complaint").  Thereafter, plaintiff filed a document captioned as a "supplemental complaint", a document captioned as a "second supplemental complaint", and three more documents in further support of his request for injunctive relief.  Dkt. No. 8 ("Second Supplemental Complaint"); Dkt. No. 9 ("First Letter in Support of Request for Injunctive Relief"); Dkt. No. 10 ("Third Supplemental Complaint"); Dkt. No. 11 ("Second Letter in Support of Request for Injunctive Relief"); Dkt. No. 12 ("Third Letter in Support of Request for Injunctive Relief").

By Decision and Order entered on September 14, 2021, the Court granted plaintiff's IFP Application in accordance with 28 U.S.C. § 1915(g), and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed several claims and defendants from this action, and found that plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Orbegozo, John Doe #1, Marshall, Locke, Russell, Welch, John Doe #2, and Gravlin survived sua sponte review and required a response.  Dkt. No. 13 ("September 2021 Order").  The Court also directed that a response to plaintiff's requests for injunctive relief (Dkt. Nos. 2, 7, 9, 11, 12) be filed by defendants Orbegozo, Marshall, Locke, Russell, Welch, and Gravlin, or their counsel, within thirty (30)

---

[1]  Because plaintiff initially filed his complaint without paying the filing fee or submitting a completed application to proceed IFP, the action was administratively closed.  Dkt. No. 3.  Plaintiff then filed his IFP Application, along with the inmate authorization form required in this District, and this action was re-opened.  Dkt. Nos. 4, 5, 6.

days of service on any defendant. *Id*. at 34.[2]

Following the September 2021 Order, the Court received several additional filings from plaintiff, including the following: (1) a letter request for injunctive relief based on use-of-force incidents involving non-party officials, Dkt. No. 18; (2) a letter regarding mail deprivations, Dkt. No. 20; (3) another letter request for injunctive relief based on additional use-of-force incidents, meal deprivations, and cell searches, Dkt. No. 25; (4) a letter detailing threats made by a non-party official, Dkt. No. 26; (5) another letter requesting injunctive relief based on a use-of-force incident involving a non-party official, and permission to file a fourth supplemental pleading, Dkt. No. 29; and (6) a letter requesting injunctive relief based on meal deprivations and additional use-of-force incidents and threats made by non-party officials, Dkt. No. 35.[3]

Presently before the Court are plaintiff's multiple requests for injunctive relief, filed before and after the September 2021 Order.  Counsel has opposed these requests, *see* Dkt. Nos. 28, 40, and plaintiff has submitted a reply and supplemental reply to counsel's first opposition, *see* Dkt. Nos. 33, 39.

---

[2]  As of the date that the Court decided the September 2021 Order, plaintiff had four other actions pending in this District based on events that occurred between May and August, 2021.  *See Bradshaw v. Gordon*, No. 21-CV-0645 (N.D.N.Y. filed June 3, 2021) ("*Bradshaw v. Gordon*"); *Bradshaw v. Uhler*, No. 21-CV-0776 (N.D.N.Y. filed July 8, 2021) ("*Bradshaw v. Uhler*"); *Bradshaw v. Annucci*, No. 21-CV-0901 (N.D.N.Y. filed Aug. 11, 2021) ("*Bradshaw v. Annucci*"); *Bradshaw v. Brand*, No. 21-CV-0942 (N.D.N.Y. filed Aug. 20, 2021) ("*Bradshaw v. Brand*").  One of those actions has been dismissed.  *See Bradshaw v. Brand*, Dkt. No. 6.  In addition, a consolidated evidentiary hearing has been scheduled in two of the other actions to address pending motions to revoke plaintiff's IFP status.  *See Bradshaw v. Gordon*, Dkt. No. 23; *Bradshaw v. Uhler*, Dkt. No. 25.

[3]  Plaintiff also filed two motions to supplement his complaint after the September 2021 Order.  Dkt. Nos. 19, 24.  Counsel has opposed these motions, *see* Dkt. No. 31, and also advised that he intends to submit a motion to revoke plaintiff's IFP status, *see* Dkt. No. 34.  In light of counsel's stated intent to seek revocation of plaintiff's IFP status, the Court will decide plaintiff's motions to supplement at some point after counsel's impending motion.

## II.    PRELIMINARY INJUNCTION MOTION

### A.    Relevant Legal Standard

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood  of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d  Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).

4

The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

"'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" *Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd.*, 437 Fed. App'x 57, 58 (2d Cir. 2011) (summary order) (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). Generally an alleged violation of a constitutional right creates a presumption of irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction. . . . A party who seeks the extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)). Moreover, a finding of irreparable

harm cannot be based solely on past conduct.  *Haden v. Hellinger*, No. 9:14-CV-0318, 2016
WL 589703, at *1 (N.D.N.Y. Feb. 11, 2016).

> **B.    Analysis**

As noted above, the only claims that currently remain in this action are plaintiff's Eighth
Amendment excessive force and failure-to-intervene claims against defendants Orbegozo,
John Doe #1, Marshall, Locke, Russell, Welch, John Doe #2, and Gravlin, which relate to
discrete events that occurred on July 12, 2021.  *See* September 2021 Order at 13-18, 21-24,
33.  In plaintiff's initial request for injunctive relief, he stated that the aforementioned officials
"viciously attacked" him in his cell (and elsewhere), and "threatened to attack [him] again"
because of grievances that he filed against them.  *See* Preliminary Injunction Motion at 1-2.
Through his numerous subsequent submissions to the Court, plaintiff contends that
defendant Marshal, and several non-party officials, subjected him to additional unwanted
force and threatened him with future harm on multiple occasions.  *See* Dkt. Nos. 7, 9, 11, 12,
18, 25, 26, 29, 35.  Plaintiff further contends that officials have denied him meals and access
to mail, and repeatedly searched his cell, in response to his complaints about mistreatment.
*See* Dkt. Nos. 25, 26, 35.

Based on this alleged misconduct, plaintiff requests injunctive relief in the form of an
order directing officials at Upstate Correctional Facility to discontinue threatening and
unlawfully assaulting him, and engaging in retaliatory conduct.  *See* Dkt. Nos. 2, 7, 9, 11, 12,
18, 25, 26, 29, 35.  In certain of his submissions, plaintiff also requests that the Court order
that he be transferred to another facility.  *See* Dkt. No. 2, 9, 11, 25.

Defendants oppose plaintiff's initial requests for injunctive relief on the grounds that
plaintiff (1) has failed to adequately demonstrate that he will suffer irreparable harm in the

absence of the relief requested, and (2) seeks, in part, an "obey the law" injunction, which is improper.  Dkt. No. 28.  Defendants also oppose plaintiff's requests for injunctive relief filed after the September 2021 Order on the grounds that plaintiff (1) has failed to establish a likelihood of success on the merits, (2) has failed to adequately demonstrate that he will suffer irreparable harm in the absence of the relief requested, and (3) seeks, in part, an "obey the law" injunction, which is improper.  *See* Dkt. No. 40.

Upon review, the Court finds that plaintiff has failed to meet the heavy burden for a mandatory preliminary injunction for at least four reasons.

First, insofar as plaintiff seeks injunctive relief against the named defendants, plaintiff has failed to establish that he is likely to suffer imminent irreparable harm in the absence of injunctive relief imposed against these officials.  Indeed, with the exception of defendant Marshal, plaintiff has not offered any evidence that any named official was involved in any alleged wrongdoing after July 12, 2021.[4]  *See McKenna v. Wright*, No. 01-CV-6571, 2002 WL 338375, *4 (S.D.N.Y. Mar. 4, 2002) ("[S]ince the movant must show that the alleged irreparable harm is imminent, and not remote or speculative, . . . a finding of irreparable harm [cannot be based] solely on past conduct . . . .").

Furthermore, with respect to defendant Marshal, plaintiff vaguely claims only that this official "direct[ed]" two non-party officials to press him against a cell wall and choke him while his cell was being searched on October 31, 2021.  Dkt. No. 25.  Plaintiff does not claim that this alleged incident, which occurred more than three months after the alleged wrongdoing that is the subject of his remaining claims, happened as part of an ongoing effort by the

---

[4]  In one of plaintiff's submissions, he states that a corrections official named "McCargar" "may be" defendant John Doe #1.  Dkt. No. 25.  Setting aside the speculative nature of plaintiff's statement, this official is currently not a party to this proceeding.

named defendants to physically harm him.  To the contrary, plaintiff states that the use-of-force incident "appeared calculated and responsive to [his] grievance dated October 24, 2021[,] regarding unauthorized cell searches by Marshal."  Dkt. No. 25 at 3.  In addition, plaintiff fails to offer any evidence that he suffered any injuries as a result of this incident.  Thus, this isolated event is not enough to show that plaintiff faces an imminent risk of being harmed by, or at the direction of, defendant Marshal in the absence of granting him the injunctive relief that he seeks.

Second, the alleged wrongdoing identified in plaintiff's numerous submissions after his initial Preliminary Injunction Motion is not part of this action, and plaintiff has failed to establish a relationship between this wrongdoing and the wrongdoing detailed in the Preliminary Injunction Motion.  Moreover, plaintiff's requests for injunctive relief based on alleged wrongdoing after July 12, 2021, were submitted on, or within days of, the alleged events.  *See* Dkt. Nos. 18, 25, 26, 29, 35.  Thus, there is no possibility that plaintiff fully exhausted his administrative remedies with respect to these events, even though one of his submissions makes clear that the grievance procedure was available to him during this time.  *See* Dkt. No. 29.  For these reasons, plaintiff has failed to establish that he is likely to succeed on the merits of any claim based on events that occurred after July 12, 2021.  *See Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (internal quotation marks and citations omitted)); *see also Fabrizio v. Oliver*, No. 9:18-CV-0339 (GTS/DEP), 2018 WL 11243392, at *3 (N.D.N.Y. July 20, 2018) (finding allegations of wrongdoing by named defendants surrounding pat frisks and the refusal to

8

return personal property "wholly unrelated" to claims of excessive force based on an isolated event that occurred roughly three months earlier, and denying request for injunctive relief based on unrelated events); *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 81-83 (2d Cir. 2021) (affirming denial of preliminary injunction where underlying claims were unexhausted, noting that the Prison Litigation Reform Act requires "proper exhaustion" of administrative remedies when they are "available to the inmate"); *McClenton v. Menifee*, No. 05-CV-2844, 2006 WL 2474872, at *17 (S.D.N.Y. Aug. 22, 2006) (denying motion for preliminary injunction where the underlying claim "[was] not included in the complaint and there [was] no showing that the plaintiff [had] exhausted his administrative remedies with respect to [that] claim").

Third, insofar as plaintiff claims that he has been harmed by certain non-party officials, and seeks injunctive relief against them, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here.  *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."); *Lewis v. Johnson*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *2 (N.D.N.Y. Apr. 1, 2010) (denying incarcerated individual's request for a preliminary injunction where he sought injunctive relief against "against all staff at Great Meadow [Correctional Facility] as well as all DOCS employees").

Fourth, the injunctive relief that plaintiff seeks -- a directive that party and non-party officials at Upstate Correctional Facility refrain from assaulting him, and that he be transferred

9

to another facility -- is not relief that can be granted by this Court under the circumstances.

More specifically, with respect to plaintiff's request for a directive that party and non-party officials at Upstate Correctional Facility refrain from assaulting him, such a request is tantamount to a request that all officials at this facility "obey the law."  "Obey the law" injunctions are vague, do not require a defendant to do anything more than that already imposed by law, subject the defendant to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement.  As such, these injunctions are disfavored.  *See N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941); *see also Rowe v. New York State Division of Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17, 2012); *New York v. Shinnecock Indian Nation*, 560 F. Supp. 2d 186, 189 (E.D.N.Y. 2008).  Indeed, according to the Second Circuit, "'[u]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law.'" *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001) (quoting *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996)).

In addition, with respect to plaintiff's request for a transfer to another facility, it is the New York State Department of Corrections and Community Supervision ("DOCCS"), and not this Court, that determines where plaintiff will be housed during his period of incarceration. *See Meachum v. Fano*, 427 U.S. 215, 229 (1976) (stating that "[t]he federal courts do not sit to supervise state prisons, the administration of which is [of] acute interest to the States") (citations omitted); *Olim v. Wakinekona*, 461 U.S. 238, 248-49 (1983) (stating that inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976) (holding that New York state prisoners have no right to incarceration at a particular prison facility).  It is well-established that DOCCS has

10

"broad leeway in deciding where to house the inmates under its protective care." *McFadden v. Solfaro*, Nos. 95-CV-1148, 95-CV-3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998).


In light of the foregoing, plaintiff's requests for injunctive relief are denied.[5]

## III.   FUTURE FILINGS

As noted above, plaintiff filed at least nine separate requests for injunctive relief or court assistance regarding the conditions of his confinement following his initial Preliminary Injunction Motion.  *See* Dkt. Nos. 7, 9, 11, 12, 18, 25, 26, 29, 35.  Five of these submissions were filed after the Court directed a response to plaintiff's initial requests for injunctive relief, and prior to plaintiff fully availing himself of the administrative channels available to him.  Dkt. Nos. 18, 25, 26, 29, 35.  In addition, none of these submissions were filed as a proper motion in accordance with the Local Rules of Practice of the Northern District of New York.

This action cannot serve as an end-run around plaintiff's obligation to pursue the administrative channels available to him.  Additionally, the Court need not continue to construe plaintiff's letter requests as proper motions.  Instead, plaintiff is reminded that motion practice in this District is governed by Local Rule 7.1, and Local Rule 10.1(c) requires that submissions for filing meet certain requirements, including the name or nature of the papers. The Court may reject documents that do not comply with these rules.

Finally, plaintiff is advised that repetitive unsubstantiated filings which unnecessarily burden the Court and/or defendants may result in the imposition of sanctions.  To that end, plaintiff is directed not to file any further amended or supplemental pleadings, or requests to

---

[5]  Plaintiff is advised that concerns regarding his current conditions of confinement should be addressed through administrative channels and DOCCS, and, if necessary, by means of a properly filed action.

amend or supplement his pleading, until after a Decision and Order is reached on counsel's

impending motion to revoke plaintiff's IFP status.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's requests for preliminary injunctive relief (Dkt. Nos. 2, 7, 9,

11, 12, 18, 25, 26, 29, 35) are **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:  December 8, 2021
        Albany, NY

Mae A. D'Agostino
U.S. District Judge