UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAY BRADSHAW,

                          Plaintiff,

        v.                                                   9:21-CV-0826
                                                   (MAD/CFH)

ERIC MARSHAL, et al.,

                          Defendants.
_____

APPEARANCES:

JAY BRADSHAW
08-A-3654
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. LETITIA JAMES                            MATTHEW J. GALLAGHER, ESQ.
New York State Attorney General            Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

      Pro se plaintiff Jay Bradshaw commenced this action by filing a complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"), and a motion for preliminary injunctive relief.  Dkt. No. 1 ("Compl."); Dkt. No. 4 ("IFP Application"); Dkt. No. 2 ("First Preliminary Injunction Motion").  After this

action was initiated, plaintiff filed several documents in support of his request for injunctive relief. See Dkt. Nos. 7, 9, 11, 12.

By Decision and Order entered on September 14, 2021, the Court granted plaintiff's IFP Application in accordance with 28 U.S.C. § 1915(g), and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed several claims and defendants from this action, and found that plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Orbegozo, John Doe #1, Marshall, Locke, Russell, Welch, John Doe #2, and Gravlin survived sua sponte review and required a response. Dkt. No. 13 ("September 2021 Order"). The Court also directed that a response to plaintiff's requests for injunctive relief (Dkt. Nos. 2, 7, 9, 11, 12) be filed by defendants Orbegozo, Marshall, Locke, Russell, Welch, and Gravlin, or their counsel, within thirty (30) days of service on any defendant. *Id*. at 34.[1]

Following the September 2021 Order, the Court received several additional filings from plaintiff, including multiple letter requests for injunctive relief. See Dkt. Nos. 18, 25, 26, 29, and 35.[2] By Decision and Order entered on December 8, 2021, this Court denied plaintiff's

---

[1] As of the date that the Court decided the September 2021 Order, plaintiff had four other actions pending in this District based on events that occurred between May and August, 2021. See *Bradshaw v. Gordon*, No. 21-CV-0645 (N.D.N.Y. filed June 3, 2021) ("*Bradshaw v. Gordon*"); *Bradshaw v. Uhler*, No. 21-CV-0776 (N.D.N.Y. filed July 8, 2021) ("*Bradshaw v. Uhler*"); *Bradshaw v. Annucci*, No. 21-CV-0901 (N.D.N.Y. filed Aug. 11, 2021) ("*Bradshaw v. Annucci*"); *Bradshaw v. Brand*, No. 21-CV-0942 (N.D.N.Y. filed Aug. 20, 2021) ("*Bradshaw v. Brand*"). Following the September 2021 Order, one of those actions was dismissed, *see Bradshaw v. Brand*, Dkt. No. 6, and plaintiff's IFP status was revoked in two of the other actions, *see Bradshaw v. Gordon*, Dkt. No. 67; *Bradshaw v. Uhler*, Dkt. No. 72. In addition, plaintiff commenced another new action, which is based on events that occurred on January 30, 2022. See *Bradshaw v. Bishop*, No. 22-CV-0094 (N.D.N.Y. filed Feb. 2, 2022) ("*Bradshaw v. Bishop*").

[2] Plaintiff also filed two motions to supplement his complaint after the September 2021 Order. Dkt. Nos. 19, 24. Counsel opposed these motions, *see* Dkt. No. 31, and also advised that he intended to submit a motion to revoke plaintiff's IFP status, *see* Dkt. No. 34.

numerous requests for injunctive relief. Dkt. No. 44 ("December 2021 Order").[3] In doing so, the Court also cautioned plaintiff against disregarding the administrative channels available to him, and continued unsubstantiated filings that impose an unnecessary burden on the Court and the defendants. *Id*. at 11-12.[4]

Presently before the Court is plaintiff's renewed motion for injunctive relief based on events following the December 2021 Order. *See* Dkt. No. 58.[5] Counsel has opposed the motion, *see* Dkt. No. 60, and plaintiff has submitted a reply and supplemental reply to counsel's opposition, *see* Dkt. Nos. 61, 62.

## II.     PRELIMINARY INJUNCTION MOTION

As with at least some of plaintiff's prior requests for injunctive relief that were addressed in the December 2021 Order, plaintiff seeks injunctive relief based on an alleged threat of harm and subsequent use-of-force incident. *See* Dkt. Nos. 58, 61, 62. More specifically, plaintiff contends that on January 6, 2022, defendant Marshall directed two non-party officials to "attack" him "under the guise of a [cell] search[,]" which did not happen only because a non-party corrections lieutenant "appeared" during the search. Dkt. No. 58. Plaintiff further contends that defendant Marshall threatened him with future harm after he

---

[3] Plaintiff's requests for injunctive relief were based in part on the alleged use-of-force incidents that occurred on July 12, 2021, and subsequent use-of-force events and threats involving defendant Marshall and various non-party officials. *See* December 2021 Order at 6. Plaintiff sought injunctive relief in the form of an order directing officials at Upstate Correctional Facility to discontinue threatening and unlawfully assaulting him, and engaging in retaliatory conduct. *See* Dkt. Nos. 2, 7, 9, 11, 12, 18, 25, 26, 29, 35. In certain of his submissions, plaintiff also requested that the Court order that he be transferred to another facility. *See* Dkt. No. 2, 9, 11, 25.

[4] In light of counsel's stated intent to seek revocation of plaintiff's IFP status, the Court separately ruled that plaintiff's motions to supplement would be decided at some point after counsel's revocation motion. *See* December 2021 Order at 3 n.3.

[5] Following the issuance of the December 2021 Order, counsel filed a motion to revoke plaintiff's IFP status. *See* Dkt. No. 53. That motion remains pending, and will be decided separately, and in due course.

was extracted from his cell, and followed through with the threat on January 30, 2022, when plaintiff was "brutally attacked" by non-party corrections officials at defendant Marshall's direction. Dkt. Nos. 58, 61, 62. Plaintiff speculates that defendant Marshall engaged in this conduct because plaintiff filed grievances against him, and named him as a defendant in this action. *See* Dkt. No. 62. Plaintiff seeks a preliminary order directing defendant Captain Gravlin, "who is responsible for staff discipline and [plaintiff's] safety[,]" to discontinue "permitting the unnecessary use of force and all forms of retaliation against [him], and . . . transfer [him] to another SHU facility[.]" Dkt. No. 58 at 3.

The legal standard governing motions for injunctive relief was discussed at length in the December 2021 Order and will not be restated herein. *See* December 2021 Order at 4-6. The Court will reiterate only that where, as here, the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the movant bears the burden of making "a clear showing that [he] is entitled to the relief requested, or [that] extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).

Upon review, the Court finds that plaintiff has failed to meet the heavy burden for a mandatory preliminary injunction for several reasons.

First, before plaintiff filed his reply papers in this case, he filed his complaint, together with a motion for injunctive relief, in *Bradshaw v. Bishop*. *See Bradshaw v. Bishop*, Dkt. Nos.

1, 2.  The injunctive relief that plaintiff seeks in *Bradshaw v. Bishop* is virtually identical to the requested injunctive relief before this Court, and is based on the exact same events detailed in plaintiff's reply papers.  *Compare* Dkt. No. 62 *with Bradshaw v. Bishop*, Dkt. No. 2.  It is entirely inappropriate to pursue the same injunctive relief in two separate actions, based on the same underlying conduct.

  Second, even if the Court were to consider plaintiff's motion papers before this Court in isolation, plaintiff has failed to establish that he is likely to suffer *imminent irreparable harm* in the absence of the injunctive relief he seeks.  Indeed, although plaintiff argued in his initial motion papers that future harm *was* imminent in light of the vague "I am going to get you" threat allegedly made by defendant Marshall on January 6, 2022, he has not offered any proof in his reply papers that a further attack *remains likely*.  *See Trowell v. Upstate Corr. Facility*, No. 9:16-CV-0639 (MAD/TWD), 2016 WL 7156559, at *8 (N.D.N.Y. Dec. 7, 2016) ("Plaintiff's fear that he may be assaulted in the future is purely speculative and, therefore, patently insufficient to show that he is likely to suffer imminent irreparable harm if the requested relief is not granted. . . . In his motion, plaintiff sets forth factual allegations related to the August 5, 2016 incidents, the same incidents that formed the foundation for the supplemental complaint. . . . Plaintiff cannot base his request for relief upon past conduct and the anticipation of future assaults."); *Carter v. Artuz*, No. 95-CV-4785, 1997 WL 675337, at *8 (S.D.N.Y. Oct. 29, 1997) (denying preliminary injunction motion because "although a physical encounter did occur between C.O. Fusco and [the inmate plaintiff], it was of a spontaneous nature, not likely to be repeated, and [plaintiff]'s injuries were insufficient to require any further

intervention by the Court").[6]

Third, plaintiff has failed to demonstrate, with evidence, a substantial likelihood of success on the merits of the alleged wrongdoing identified in his motion papers. Indeed, having filed his motion only one week after the alleged wrongdoing that gives rise to his request for injunctive relief, plaintiff unquestionably failed to fully exhaust his administrative remedies, yet he offers no explanation as to why he did not do so. *See Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 81-83 (2d Cir. 2021) (affirming denial of preliminary injunction where underlying claims were unexhausted, noting that the Prison Litigation Reform Act requires "proper exhaustion" of administrative remedies when they are "available to the inmate"); *McClenton v. Menifee*, No. 05-CV-2844, 2006 WL 2474872, at *17 (S.D.N.Y. Aug. 22, 2006) (denying motion for preliminary injunction where the underlying claim "[was] not included in the complaint and there [was] no showing that the plaintiff [had] exhausted his administrative remedies with respect to [that] claim").[7] In addition, plaintiff has failed to make a clear showing that the allegations that form the basis of his motion are "related to the underlying action." *Santiago Cruz v. Doe #1*, No. 9:21-CV-0806 (TJM/ML), 2021 WL 5629097, at *3 (N.D.N.Y. Dec. 1, 2021) (collecting cases); *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) ("To prevail on a motion for

---

[6] Plaintiff also did not submit any medical records to support his statements related to the alleged injuries that he suffered on January 30, 2022. In addition, although plaintiff previously represented to this Court, in an earlier request for injunctive relief, that he was subjected to excessive force at the direction of defendant Marshall on October 31, 2021, *see* Dkt. No. 25, his medical records on and after this date -- which were recently filed in one of his other actions -- do not show that he suffered any injuries as a result of a use-of-force incident on this date. *See Bradshaw v. Annucci*, Dkt. No. 19-1 at 3.

[7] Plaintiff was previously advised that this action cannot serve as an end-run around the administrative channels available to him. *See* December 2021 Order at 11. Moreover, the Court has no basis to infer from plaintiff's motion papers that his concerns could not have been addressed through administrative channels.

preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (internal quotation marks and citations omitted)); *see also Fabrizio v. Oliver*, No. 9:18-CV-0339 (GTS/DEP), 2018 WL 11243392, at *3 (N.D.N.Y. July 20, 2018) (finding allegations of wrongdoing by named defendants surrounding pat frisks and the refusal to return personal property "wholly unrelated" to claims of excessive force based on an isolated event that occurred roughly three months earlier, and denying request for injunctive relief based on unrelated events).[8]

     Fourth, as plaintiff was already advised in the December 2021 Order, he is not entitled to the relief that he seeks, which is in part an "obey the law" injunction and in part a housing reassignment.  *See* December 2021 Order at 9-11.  The Court would add only that in light of revisions to the New York Correction Law, which take effect on March 31, 2022, plaintiff will almost certainly be released from his confinement in a special housing unit in the near future.  *See* 2021 Sess. Law News of N.Y. Ch. 93 (A. 2277-A) (McKINNEY'S) (revising, effective March 31, 2022, various sections of the New York Correction Law to limit the duration of restrictive confinement to seventeen hours a day other than in a facility-wide emergency or for the purpose of providing medical or mental health treatment, contemplating the placement of inmates with mental illnesses in a residential rehabilitation unit instead of segregated confinement, limiting segregated confinement to fifteen consecutive days or twenty total days within a sixty day period, and requiring that persons admitted to a residential rehabilitation

---

[8] As noted above, the only claims that currently remain in this action are plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Orbegozo, John Doe #1, Marshall, Locke, Russell, Welch, John Doe #2, and Gravlin, which relate to discrete events that occurred on July 12, 2021.  *See* September 2021 Order at 13-18, 21-24, 33.  Plaintiff's current motion for injunctive relief is based on alleged events that occurred in January, 2022.  Moreover, plaintiff has failed to establish a connection between these alleged events, which are separated by approximately six months, and involve different officials (with the exception of defendant Marshall).

unit be offered at least six hours of daily out-of-cell congregate programming, services, treatment, and/or meals, with an additional minimum of one hour for recreation, among other things).

In light of the foregoing, plaintiff's request for injunctive relief is denied.[9]

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's request for preliminary injunctive relief (Dkt. No. 58) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:  March 4, 2022
       Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge

---

[9]  Plaintiff is advised that concerns regarding his current conditions of confinement should be addressed through administrative channels and the New York State Department of Corrections and Community Supervision, and, if necessary, by means of a properly filed action.