UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAY BRADSHAW,

                                                  Plaintiff,

  vs.                                                                              9:21-CV-826
                                                                                           (MAD/CFH)

MATTHEW WELCH, *et al.*,

                                                  Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

JAY BRADSHAW
08-A-3654
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

OFFICE OF THE NEW YORK              MATTHEW GALLAGHER, AAG
STATE ATTORNEY GENERAL
Litigation Bureau
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") commenced this action alleging various constitutional violations.  *See* Dkt. No. 1.  By Decision and Order dated September 14, 2021, the Court granted Plaintiff's application to proceed *in forma pauperis* and dismissed several claims and Defendants, and found that Plaintiff's Eighth Amendment excessive force and failure-to-intervene claims

against Defendants Orbegozo, John Doe #1, Marshall, Locke, Russell, Welch, John Doe #2 and Gravlin survived initial review and required a response. *See* Dkt. No. 13.

In a March 11, 2022 Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court (1) deny Defendants' motion to revoke Plaintiff's IFP status, and (2) deny Plaintiff's two motions to supplement his complaint. *See* Dkt. Nos. 66. Specifically, Magistrate Judge Hummel found that, although Plaintiff, who is a prolific litigator, has at least three strikes, he is entitled to the benefit of the imminent danger exception to the three-strikes rule. *See id.* at 4-10. As to Plaintiff's motions to supplement his complaint, Magistrate Judge Hummel found that the proposed supplemental pleadings fail to adequately state a cognizable Section 1983 claim and that the motions should be denied as futile. *See id.* at 11-14.

Neither party has objected to the Report-Recommendation and Order. As set forth below, Magistrate Judge Hummel's Report-Recommendation and Order is adopted in its entirety and the pending motions are denied.

## II. BACKGROUND

For a complete recitation of the relevant factual background, the parties are referred to the Court's September 14, 2021 Decision and Order. *See* Dkt. No. 13.

## III. DISCUSSION

### A. Standard of Review

When a party files specific objections to a magistrate judge's report-recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those

2

recommendations for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Defendants' Motion to Revoke Plaintiff's IFP Status

In their motion, Defendant contend that Plaintiff's IFP status should be revoked because he did not face imminent danger when he submitted his complaint for filing. *See* Dkt. No. 53-9. Although Defendants acknowledge that force was used against Plaintiff by certain officials on July 12, 2021, they deny that the force used was excessive, or that any force was used against Plaintiff during his transport to the hospital, or that Plaintiff was threatened with future harm. *See* Dkt. No. 53-3 at ¶¶ 8-9; Dkt. No. 53-4 at ¶¶ 11-15; Dkt. No. 53-5 at ¶¶ 19-20; Dkt. No. 53-6 at ¶¶ 14-19; Dkt. No. 53-7 at ¶¶ 11-13; Dkt. No. 53-8 at ¶¶ 6-15. In response, Plaintiff submitted a sworn statement disputing certain factual information contained in Defendants' affidavits, provided details as to the threats of future harm he received, and detailed incidents of wrongdoing involving certain named Defendants both before and after July 12, 2021. *See* Dkt. No. 59 at 19-25.

The Court agrees with Magistrate Judge Hummel that Defendants' motion to revoke Plaintiff's IFP status must be denied. Although Defendants deny that force was used against Plaintiff when he was in a transport vehicle on his way to an outside hospital and contend that the force that was used against him on other occasions was necessary and not excessive, Plaintiff's affidavit in opposition is sufficiently specific for a reasonable factfinder to reach a different conclusion. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("A court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of

imminent danger are conclusory or ridiculous'"). Moreover, while the parties agrees that Plaintiff was not subjected to any additional physical harm between July 13 and 19, 2021, which is the presumed date he submitted his complaint for filing, Plaintiff's affidavit details specific threats of future harm that were made to him on July 12, 2021. *See* Dkt. No. 59 at ¶¶ 29, 38, 41. As Magistrate Judge Hummel noted, the facts presented by Plaintiff are remarkably similar to the facts presented by the Plaintiff in *Chavis*, where the Second Circuit held that "allegation[s] of a recent brutal beating, combined with three separate incidents, some of which involved officers who purportedly participated in that beating, [were] clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception." *Chavis*, 618 F.3d at 170.

Accordingly, the Court denies Defendants' motion to revoke Plaintiff's IFP status.

**C. Plaintiff's Motions to Supplement the Complaint**

Plaintiff's proposed supplemental complaint dated October 11, 2021, names two additional Inmate Grievance Program ("IGP") Supervisors at Upstate Correctional Facility as Defendants, and also asserts allegations of wrongdoing against Superintendent Donald Uhler, who was previously a Defendant in this case. *See* Dkt. No. 19-2. This proposed pleading alleges that the IGP Supervisors failed to properly file or process at least fourteen grievances submitted by Plaintiff between August and September 2021, and that Superintendent Uhler separately failed to address several grievances submitted during this time that were forwarded to him for investigation. *See id.* Plaintiff's proposed supplemental complaint dated October 26, 2021, identifies additional grievances that he submitted, which were allegedly not filed, processed, or investigated by the two IGP Supervisors and Superintendent Uhler. *See* Dkt. No. 24-1 at 1-4. Magistrate Judge Hummel recommended that the Court deny these motions to supplement as futile.

4

As Magistrate Judge Hummel correctly determined an inmate does not have a constitutional right to an investigation into wrongdoing, or the use of the state-created grievance process. *See Shell v. Brzeniak*, 365 F. Supp. 2d 362, 370 (W.D.N.Y. 2005); *Pine v. Seally*, No. 9:09-cv-1198, 2011 WL 856426, *9 (N.D.N.Y. Feb. 4, 2011) (citations omitted). As such, "complaints that prison officials tampered with, failed to investigate, or improperly processed grievances, without more, do not give rise to liability under § 1983." *Celestin v. Premo*, No. 9:12-cv-301, 2014 WL 272443, *3 (N.D.N.Y. Jan. 24, 2014) (citation omitted). Similarly, the failure to process a grievance and/or conduct a satisfactory investigation related to alleged wrongdoing that is not ongoing does not, without more, plausibly suggest personal involvement in the alleged wrongdoing. *See Gomez v. Sepiol*, No. 11-cv-1017, 2014 WL 1575872, *10 (W.D.N.Y. Apr. 11, 2014) (citations omitted). Based on this well-settled law, the Court denies Plaintiff's motions to supplement his complaint.

### IV. CONCLUSION

After carefully review Magistrate Judge Hummel's Report-Recommendation and Order, the parties submissions and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Hummel's March 11, 2022 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's motions to supplement his complaint (Dkt. Nos. 19, 24) are **DENIED**; and the Court further

**ORDERS** that Defendants' motion to revoke Plaintiff's IFP status (Dkt. No. 53) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 15, 2022
Albany, New York

*Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge