UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Jay Bradshaw,
        Plaintiff,

-against-

DONALD UHLER, REGINALD BISHOP, ALBERT GRAVLIN, WILLIAM VESNESKE, GABRIEL ORBEGOZO, ERIC MARSHALL, NATHAN LOCKE, JOSEPH RUSSELL, MATTHEW WELCH, JAMES KILCOYNE, MICHAEL MCCARGAR, MILLER, ANTHONY ANNUCCI, ~~GARY GETTMANN~~.
        Defendants.

FIRST AMENDED COMPLAINT

9:21-CV-0826(MAD)(CFH)

Jury Trial Demanded

## I. Parties in the Complaint:

1. Plaintiff Jay Bradshaw is incarcerated at Upstate Correctional Facility ("Upstate"), and at all times relevant to the Complaint.

2. Defendant Donald Uhler is the Superintendent at Upstate. He is sued in his individual capacity.

3. Defendant Reginald Bishop is the Deputy of Security at Upstate. He is sued in his individual capacity.

4. Defendant Eric Marshall is the correctional sergeant at Upstate. He is sued in his individual capacity.

5. Defendant ~~Gary Gettmann is the correctional sergeant~~ at Upstate. He is sued in his individual capacity.

6. Defendant Albert Gravlin and William Vesneske are correctional captains at Upstate. He is sued in his individual capacity.

7. Defendant Nathan Locke, Gabriel Orbegozo, Joseph Russell, Matthew Welch, James Kilcoyne, Michael McCargar, and Miller are correctional officers at Upstate. They are sued in their individual capacity.

8. Defendant Anthony Annucci is the Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"). He is sued in his official capacity.

## II. Statement Of Facts:

1

## CLAIM #1

9. On July 12, 2021, defendant Orbegozo and Kilcoyne brought plaintiff out the cell for a disciplinary hearing.

10. Plaintiff was handcuffed and brought out of the cell where he was pat-frisk by defendant Orbegozo; Kilcoyne applied the waist restraint and attached the handcuff then led (stayed ahead) and directed plaintiff's walk up the gallery.

11. Orbegozo intentionally and deliberately collided into plaintiff a few times, and ignored plaintiff's demand to stop and complaint "You will make me fall." As he continued plaintiff told him to "Eat a *ick". It is worth noting that plaintiff is 160lbs and Orbegozo is about 250 or more which caused plaintiff to stop to get his footing upon each bump to avoid falling.

12. Plaintiff was led and directed off the gallery to, and up, the stairs on the right side, by defendant Kilcoyne, at the same time, Orbegozo continued to collide into plaintiff and ignored plaintiff's demand to stop.

13. As plaintiff walked ahead of Orbegozo — but behind Kilcoyne — on the right side of the stairs, Orbegozo grabbed hold of the waist chain on the stairs first floor landing until defendant Marshall appeared and directed him to release plaintiff.

14. Kilcoyne then led and directed plaintiff to the top of the stairs on the second tier, where Orbegozo continued to collide into plaintiff and where we stopped before defendant Vesneske.

15. Both Marshall and Vesneske disregarded my complaint that Orbegozo was colliding into me could cause me to fall, and so I told each of them to "Eat a *ick".

16. Vesneske directed for me to be taken back to my cell, and I was led and directed back to the stairs by Kilcoye while Marshall and Vesneske followed.

17. Orbegozo directed for me to stop at the top of the stairs and to face the wall, after which point he applied force to my back, causing my head to hit the wall, and then slammed me to the floor.

18. Less than five (5) seconds, I was lifted to my feet by Orbegozo and Kilcoyne and

escorted to the bottom of the stairs where defendant Locke and McCargar took hold of me

19. Locke and McCargar did escort plaintiff back to his cell while Marshall and Vesnesko followed

20. In the cell, McCargar punched me several times on the right side of my face and head and kicked me; Locke punched and kicked me and caused my chin to open; and Marshall kicked me twice on my right arm and stated "We are going to whip your ass in this cell everytime we feel like it, do you see how far the cameras are from your cell. Who you think will be believed.

21. My chin bled profusely in the cell and so he requested emergency medical attention, and the nurse directed for me to be taken to the infirmary.

22. Defendant Russell brought me out of the cell handcuffed and, after the pat frisk and removing my shoes to be searched, he directed me to fix my clothing and shoes and to place my hands on the wall when completed but; as I was fixing my face mask, he grabbed me from behind and slammed me to the floor.

23. I was brought to the infirmary where I was evaluated by medical staff and refered to an outside hospital for suture on my chin and further evaluation.

24. Prior to leaving for the outside hospital, defendant Gravlin directed all medical staff to exit the exam room and stated "You will get your ass beat by my two officers with sticks and mace.

25. En route to the hospital, in the transportation van, defendant Welch punched me several times and put me in the choke several times, and Miller poked me in the torso with his stick.

26. At the hospital, Welch and Miller repeatly mocked and threatened to hurt me bad on the ride back to the facility, and I wrote on the consent for treatment form that he had been threatened with being attacked by Welch and Miller.

27. On June 7, 2021, I submitted grievance relating to being assaulted by Orbegozo on May 6, 2021; assaulted by four officers on May 10, 2021; an assault by an officer on May 12, 2021; and the denial of meals by McCargar, Orbegozo from May 28, 2021 to June 5, 2021.

28. On June 27, 2021, I submitted grievance relating to harassment under the guise of a cell search by defendant Marshall on June 11, 2021; an assault by an officer on June 18, 2021; an assault by an officer on June 24, 2021.

29. ~~On July 1, 202~~ Defendant Uhler and Bishop either denied my grievances or did not respond, which resulted in the continuation of the assaults.

30. Upon information and belief, I was assaulted on multiple occasions because there is an informal policy at Upstate for officers to assault prisoners while in restraints and for supervisory officers to tacticly approve the actions.

31. Based on this informal policy, I remain under imminent danger of serious physical injury because the ongoing pattern of assaults by officers at Upstate.

32. As a result of the foregoing, I suffered, inter alia, physical and injuries, emotional distress, embarrassment, humiliation and constitutional rights — all to his detriment.

## CLAIM #2

33. From May 4, 2021 to June 11, 2021, I made daily calls to DOCCS Inspector General Office ("IG") regarding daily harassment and incidents of assaults.

34. Upon information and belief, when prisoners lodge complaints with IG, via phone call, IG investigators ~~ber~~ bring the complaint to the Watch Commander (Vesneske).

35. Because I remained on Progressive Inmate Movement System (PIMS) level 1 from June 11, 2021 to July 26, 2021, due to being issued misbehavior reports I ~~he~~ was not entitled to tablet privileges, and therefore could not make daily calls from the tablet.

36. On July 27, 2021, although I was ~~entt~~ entitled to tablet privileges on PIMS level 2, the gallery officer told ~~plaintiff~~ me that Vesneske did not want me to have a tablet.

37. I filed numerous grievances from July 27, 2021 to April 4, 2022 regarding being denied tablet privileges

38. Defendant Uhler and Bishop denied my grievances, which resulted in the continuation of me being denied tablet privileges.

39. It is worth noting that I appealed the denial of my grievance regarding the denial of tablet privilege to the Central Office Review Committee, who held that I should be afford tablet privileges on PIMS level 2 and 3.

4

40. In addition to the phone feature available to make daily call to communicate family and friends, it also have educational materials and game which is are provided to SHU prisoners as a means of therapy.

41. Defendant Vesneske is responsible for tablet distribution and the denial of tablets.

42. As a result of the foregoing, I suffered, inter alia, mental injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights — all to his detriment.

### ANTHONY ANNUCCI

43. Defendant Annucci denied my grievances relating to the implementation of body-cameras for officers at Upstate to wear within the facility and for outside trips with prisoners which would facilitate the resolution of disputes between correction officers and prisoners, and arguably even to prevent assaults in the first place.

44. Defendant Annucci denied my grievances relating to excessive and retaliatory cell searches which were not being conducted pursuant to DOCCS' regulation

45. Defendant Annucci by CORC granted the grievance regarding denial of tablet privilege, in that I should have been afforded tablet privileges on PIMS level 2 but Uhler, Bishop and Vesneske did not reverse course and continued to deny me tablet privileges.

46. Defendant Annucci has the authority to implement body-cameras for officers at Upstate to wear within the facility and for outside trips with prisoners, and to direct cell searches at Upstate according to DOCCS' policy, and to afford tablets privileges according to DOCCS' policy.

### Requested Relief

WHEREFORE, I request the Court to grant the following relief:
    A. Issue an injunction ordering defendant Annucci, or his agents to:
        1. Wear body camera within the facility at Upstate and during outside trips with prisoners;
        2. Have cell searches conducted at Upstate per DOCCS' policy;

3. To direct for plaintiff to be transferred from Upstate;

4. To direct for plaintiff to receive daily tablet privileges per DOCCS policy;

B. Award compensatory damages against all defendants, except Annucci, jointly and severly.

C. Award punitive damages against the individual defendant, except Annucci, in an amount to be determined by a jury.

D. Such other relief as this Court shall deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct. Signed this 26 day of June, 2022

Respectfully submitted,

Mr. Jay Bradshaw
Pro Se Plaintiff

6