UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAY BRADSHAW,

                Plaintiff,

     v.                                    9:21-CV-0826
                                                         (MAD/CFH)

ERIC MARSHAL, et al.,

                Defendants.

---

APPEARANCES:

JAY BRADSHAW
08-A-3654
Plaintiff, pro se
Lakeview Shock Incarceration Correctional Facility
P.O. Box T
Brocton, NY 14716

HON. LETITIA JAMES                     MATTHEW J. GALLAGHER, ESQ.
New York State Attorney General      Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

# DECISION AND ORDER

## I.    INTRODUCTION

Pro se plaintiff Jay Bradshaw, proceeding pro se in this 42 U.S.C. § 1983 ("Section 1983") civil rights action, alleges wrongdoing while he was incarcerated at Upstate Correctional Facility.  Dkt. No. 83 ("Amended Complaint").  By Decision and Order entered on August 8, 2022, this Court granted in part and denied in part plaintiff's motion to amend, and

ordered that the following claims remain in this action: (1) plaintiff's First Amendment retaliation claims against defendants Orbegozo, Marshall, and McCargar; and (2) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Orbegozo, Kilcoyne, Marshall, Locke, Russell, Welch, Miller, McCargar, Vesneske, and Gravlin based on alleged use-of-force incidents that occurred on July 12, 2021.  Dkt. No. 82 ("August 2022 Order").  The Court also denied a renewed motion for preliminary injunctive relief that was received for filing on May 25, 2022.  *Id.*[1]

Presently before the Court are the following: (1) plaintiff's motion for partial reconsideration of the August 2022 Order, Dkt. No. 86 ("Motion for Reconsideration"); and (2) another motion from plaintiff seeking preliminary injunctive relief, Dkt. No. 81 ("August 2022 Preliminary Injunction Motion").  Counsel for the remaining defendants has opposed the Motion for Reconsideration.  Dkt. No. 87.

## II.     MOTION FOR RECONSIDERATION

Plaintiff seeks reconsideration of the August 2022 Order insofar as it dismissed his Eighth Amendment claims against defendants Uhler and Bishop, and his request for injunctive relief against defendant Annucci in his official capacity.  *See generally*, Motion for Reconsideration.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New*

---

[1] The procedural history leading up to the August 2022 Order was discussed at length in that Decision and Order and will not be restated herein.

*York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id.*[2]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available.  Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.

Plaintiff argues that the Court erred in dismissing his Eighth Amendment claims against defendants Uhler and Bishop based on their denial of grievances.  *See* Motion for Reconsideration at 1-2.  According to plaintiff, as a result of the alleged inaction by these officials in response to his grievances, he continued to experience harassment and "assaults", and the allegations in the Amended Complaint are therefore sufficient to state an Eighth Amendment failure-to-protect claim.  *Id*.  Plaintiff further argues that the Court erred in dismissing his request for injunctive relief against defendant Annucci in his official capacity.  *Id*. at 3-4.

After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for

---

[2]  Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader*, 70 F.3d at 257.

reconsideration of the August 2022 Order.  With respect to plaintiff's Eighth Amendment claims against defendant Uhler and Bishop, the Court will add only that the case on which plaintiff relies in support of his position that the Court committed an error of law, *Morgan v. Dzurenda*, 956 F.3d 84 (2d Cir. 2020), is entirely distinguishable from this case.

In that case, the prisoner plaintiff presented evidence that a corrections captain and warden (1) were made aware of specific threats of future harm made against the plaintiff by a fellow inmate, (2) were told why the plaintiff believed that such harm might occur, and (3) responded in a dismissive fashion.  *Morgan*, 956 F.3d at 90.  Based on these facts, the Second Circuit found that the prisoner plaintiff "raised a question of material fact as to whether 'a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,' such that a trier of fact could find that [the corrections captain and warden] 'had actual knowledge of the risk' posed [to the plaintiff,]" and reversed the district court's dismissal of the Eighth Amendment failure-to-protect claims against these officials.  *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 842-43 (1994)).[3]

In this case, the Amended Complaint is devoid of any allegations which plausibly suggest that (1) the grievances plaintiff submitted to defendants Uhler and Bishop made them aware that he continued to face a specific risk of serious harm as a result of the wrongdoing that was the subject of those grievances, and/or (2) defendants Uhler and Bishop acted with deliberate indifference to a known risk of serious harm when they denied (or failed to response to) plaintiff's grievances.  Indeed, as noted in the August 2022 Order, the Amended

---

[3] The Second Circuit affirmed the dismissal of the prisoner plaintiff's Eighth Amendment failure-to-protect claims against two other corrections officials because the plaintiffs "warnings to those officers lacked detail and failed to notify them of 'a substantial risk of serious harm.'"  *Morgan*, 956 F.3d at 90 (quoting *Farmer*, 511 U.S. at 834).

Complaint does not include any details regarding the contents of plaintiff's grievances, or the reason(s) for denying them. *See* August 2022 Order at 12-13. Thus, the Court did not err in dismissing plaintiff's Eighth Amendment claims against defendants Uhler and Bishop. *See Farmer*, 511 U.S. at 842-43; *Pena v. New York*, No. 9:20-CV-0481 (TJM/TWD), 2020 WL 3453554, at *4 (N.D.N.Y. June 24, 2020) (dismissing failure-to-protect claim against prison officials made aware, in general terms, of the plaintiff's concerns of future harm because the pleading lacked "any allegations explaining the basis of plaintiff's fear for his safety, let alone what he communicated to defendants about the basis for his concerns"); *Sawyer v. New York State Dept. of Corr. Servs.*, No. 11-CV-0152, 2015 WL 6644112, at *6-7 (W.D.N.Y. June 30, 2015) (dismissing failure-to-protect claim against official who received inmate's grievance expressing fear for his safety based on other inmates calling him a "rat" and a "snitch," even though plaintiff alleged he was assaulted following an investigation of the grievance by another official, noting that the amended complaint and documents attached thereto failed to "reveal that Plaintiff ever asserted a physical attack was imminent such that [the official who received plaintiff's grievance] cannot be found to have known that Plaintiff was being threatened by certain inmates with actual or imminent harm" (internal quotation mark and citation omitted)), *report and recommendation adopted in pertinent part by* 2015 WL 6641471 (W.D.N.Y. Oct. 28, 2015); *Parris v. N.Y. State Dep't Corr. Servs.*, 947 F.Supp.2d 354, 363 (S.D.N.Y. 2013) ("Because the plaintiff has alleged no facts suggesting that any of the defendants knew of a particular risk to the plaintiff's safety, the plaintiff has failed to state a claim that any of the defendants was deliberately indifferent in failing to protect him from the surprise attack.").

      Furthermore, with respect to defendant Annucci, the Court denied the injunctive relief

sought by plaintiff because the only claims that remain in this action are based on alleged wrongdoing that occurred on July 12, 2021, and plaintiff failed to establish a likelihood of (1) suffering imminent irreparable harm in the absence of the injunctive relief requested and/or (2) success on the merits of any claim based on events that occurred after July 12, 2021. *See* August 2022 Order at 16-17.  Plaintiff has not explained how these legal conclusions were incorrect.  Nor has he identified any relationship between the underlying claims that remain in this action and the injunctive relief that he seeks.  *See Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) ("A preliminary injunction cannot be issued based [solely] on past harm."); *Haden v. Hellinger*, No. 9:14-CV-0318, 2016 WL 589703 at *1 (N.D.N.Y. Feb. 11, 2016) (same); *McAllister v. Goord*, No. 9:06-CV-0442 (TJM/RFT), 2009 WL 5216953 (N.D.N.Y. Dec.30, 2009) ("[T]he relief that a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint."); *Randolph v. Griffin*, No. 12-CV-745, 2014 WL 3548967, at *8 (W.D.N.Y. July 17, 2014) (noting that a party moving for injunctive relief "must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint").  In any event, as discussed more fully below, in light of plaintiff's recent transfer to a new correctional facility, the injunctive relief requested in the Amended Complaint is also now moot.

In short, based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.  Accordingly, plaintiff's motion for reconsideration of the August 2022 Order is denied in its entirety.

III.    **PRELIMINARY INJUNCTION MOTION**

Plaintiff's August 2022 Preliminary Injunction Motion seeks an order directing that (1)

the named defendants involved in the use-of-force incident that is the subject of this action be prohibited from assuming a post where they will engage plaintiff, (2) the named defendants refrain from retaliating against plaintiff, and (3) he be transferred to another facility. *See* August 2022 Preliminary Injunction Motion at 1.

After this motion was filed, plaintiff's assigned counsel in another one of his pending actions filed a letter advising that he has been transferred to Lakeview Shock Incarceration Correctional Facility. *See Bradshaw v. Burns*, 9:19-CV-931, Dkt. No. 106 (N.D.N.Y. filed Sept. 16, 2022). In light of plaintiff's transfer, and the absence of any credible evidence that he is likely to continue suffering, at his new facility, the same alleged harm that is the subject of his existing claims, his request for injunctive relief is moot. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."); *see also Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.").

Accordingly, plaintiff's August 2022 Preliminary Injunction Motion is denied.

IV.   **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Motion for Reconsideration (Dkt. No. 86) is **DENIED** as set forth above; and it is further

**ORDERED** that plaintiff's August 2022 Preliminary Injunction Motion (Dkt. No. 81) is **DENIED as moot**; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must

7

bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

    **ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: September 28, 2022
       Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge