UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAY BRADSHAW,

                   Plaintiff,

      v.                                          9:21-CV-0826
                                                           (MAD/CFH)

ERIC MARSHAL, et al.,

                   Defendants.

---

APPEARANCES:

JAY BRADSHAW
08-A-3654
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. LETITIA JAMES                         MATTHEW J. GALLAGHER, ESQ.
New York State Attorney General       Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

### DECISION AND ORDER

**I.    INTRODUCTION**

    Plaintiff Jay Bradshaw, proceeding pro se in this 42 U.S.C. § 1983 ("Section 1983") civil rights action, alleges wrongdoing while he was incarcerated at Upstate Correctional

Facility on or about July 12, 2021. Dkt. No. 83 ("Amended Complaint").[1] The defendants who remain in this action have answered the Amended Complaint. *See* Dkt. No. 104 ("Answer").[2]

Shortly before the Answer was filed, plaintiff filed a motion seeking injunctive relief based on an alleged use-of-force incident that occurred on December 12, 2022. *See* Dkt. No. 100 ("December 2022 Request for Injunctive Relief").[3] By Decision and Order entered on February 28, 2023, the Court denied the December 2022 Request for Injunctive Relief. *See* Dkt. No. 107 ("February 2023 Order").

Presently before the Court is plaintiff's motion for reconsideration of the February 2023 Order, which defendants have opposed. *See* Dkt. No. 110 ("Motion for Reconsideration"); Dkt. No. 112 ("Opposition to the Motion for Reconsideration").

## II.  DISCUSSION

### A.  Overview of the December 2022 Request for Injunctive Relief and the February 2023 Order

In light of the August 2022 Order, only the following claims remain in this action: (1) First Amendment retaliation claims against defendants Orbegozo, McCargar, and Marshall

---

[1] By Decision and Order entered on August 8, 2022, this Court granted in part and denied in part a motion to amend and supplement filed by plaintiff, directed the Clerk to docket plaintiff's proposed amended complaint as the amended complaint, and clarified that the scope of this action is limited to claims based on alleged events that occurred on July 12, 2021. *See* Dkt. No. 82 ("August 2022 Order"). The procedural history leading up to the August 2022 Order was discussed at length in that Order, and will not be restated herein.

[2] Plaintiff currently has two other actions pending in this District. *See Bradshaw v. Locke*, No. 19-CV-428 (N.D.N.Y. filed April 10, 2019); *Bradshaw v. Annucci*, No. 21-CV-0901 (N.D.N.Y. filed Aug. 11, 2021).

[3] In the August 2022 Order, the Court also denied a motion for injunctive relief filed by plaintiff based on alleged events that occurred in and after February, 2022. *See* August 2022 Order at 16-17. Before that request for injunctive relief was decided, the Court had considered (and denied) ten earlier requests for injunctive relief seeking orders directing that plaintiff be transferred to another facility, and that officials at Upstate Correctional Facility discontinue threatening and unlawfully assaulting him and engaging in retaliatory conduct. *See* Dkt. 44 ("December 2021 Order") (denying Nos. 2, 7, 9, 11, 12, 18, 25, 26, 29, 35).

based on these officials allegedly subjecting plaintiff to excessive force on July 12, 2021, in response to grievances plaintiff filed against them; and (2) Eighth Amendment excessive force and failure-to-intervene claims against defendants Orbegozo, Kilcoyne, Marshall, Locke, Russell, Welch, Miller, Vesneske, McCargar, and Gravlin based on alleged use-of-force incidents that occurred on July 12, 2021. *See generally*, August 2022 Order.

In the December 2022 Request for Injunctive Relief, plaintiff alleged that on December 12, 2022, Corrections Officer Osborn vaguely threatened him with harm, and thereafter escorted him to a new cell with Corrections Officer Carter and Corrections Sergeant Polkno, during which time plaintiff was advised that he would be assaulted by his new cellmate. Dkt. No. 100 at 2, ¶¶ 3-5.[4] Plaintiff further alleged that Osborn and Carter placed him in a cell with "Inmate P[,]" who assaulted him, and these officials subsequently entered the cell and assaulted him further. *Id*., ¶¶ 6-8.

Plaintiff sought an order (1) enjoining defendant Gravlin, the Acting Deputy Superintendent of Security, from (i) "tacitly approving or turning a blind eye" to corrections officers subjecting him to "unnecessary and excessive force[,]" including in retaliation for his engagement in protected activity, and (ii) assigning corrections officials who have assaulted plaintiff in the past to "a post where they may engage plaintiff[,]" and (2) directing that plaintiff be transferred to another correctional facility. Dkt. No. 100 at 1.

The Court denied plaintiff's motion for the following reasons: (1) there is currently no controversy before this Court regarding officials exposing plaintiff to a risk of harm by assaulting him, or placing him in a double-cell with inmates who wished to harm him, in late 2022; (2) plaintiff's belief that he would suffer irreparable harm, in the form of future assaults

---

[4] None of these officials are defendants in this action.

3

by non-party officials, was entirely speculative; (3) plaintiff's request for an order directing defendant Gravlin to ensure that plaintiff is not subjected to retaliatory acts during the remainder of his confinement at Upstate Correctional Facility was tantamount to a request that all officials at this facility "obey the law"; and (4) plaintiff's request for an order directing his transfer to another facility is a request that should be presented to the New York State Department of Corrections and Community Supervision ("DOCCS"), and not this Court. *See generally*, February 2023 Order.

### B. Overview of Plaintiff's Motion for Reconsideration

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available. Rather, plaintiff argues in his two-page letter that the Court erred in denying his request for injunctive relief by failing to consider that he was also assaulted on January 30, 2022, which is the subject of an earlier motion for injunctive relief that he filed. Plaintiff further states that he has been denied meals and subjected to acts of intimidation, including by named defendants, since the Court's issuance of the February 2023 Order, which he apparently believes shows that injunctive relief was appropriate. *See* Motion for Reconsideration at 1-2.

### C. Analysis

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257

(2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[5] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the February 2023 Order. Plaintiff has not explained how the Court's legal conclusions were incorrect. Nor has he identified any relationship between the underlying claims that remain in this action and the wrongdoing that forms the basis of his most recent request for injunctive relief. *See Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) ("A preliminary injunction cannot be issued based [solely] on past harm."); *Haden v. Hellinger*, No. 9:14-CV-0318, 2016 WL 589703 at *1 (N.D.N.Y. Feb. 11, 2016) (same); *McAllister v. Goord*, No. 9:06-CV-0442 (TJM/RFT), 2009 WL 5216953 (N.D.N.Y. Dec. 30, 2009) ("[T]he relief that a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint."); *Randolph v. Griffin*, No. 12-CV-745, 2014 WL 3548967, at *8 (W.D.N.Y. July 17, 2014) (noting that a party moving for injunctive relief "must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint").

The events giving rise to the claims that form the basis of this action occurred on July 12, 2021, while plaintiff was housed in a special housing unit cell. *See generally* Am. Compl;

---

[5] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

*see also Bradshaw v. Annucci*, No. 21-CV-0901, Dkt. No. 1 at 15-17 (N.D.N.Y. filed Aug. 11, 2021).  The alleged wrongdoing that forms the basis of the December 2022 Request for Injunctive Relief -- plaintiff being assaulted by Corrections Officers Osborn and Carter -- occurred while plaintiff was housed in a double-bunk cell approximately seventeen months later.  In addition, Osborn and Carter are not defendants in this case, and there are no allegations in the December 2022 Request for Injunctive Relief that these officials threatened plaintiff with harm leading up to the events that allegedly occurred on December 12, 2022, or at any point thereafter, let alone did so based on the actions of, or his lawsuit against, the named defendants in this case.  Plaintiff's motion also makes clear that he was placed in a new cell after he was allegedly assaulted by "Inmate P" and Osborn and Carter.  *See* Dkt. No. 100 at 2, ¶¶ 11-12.

In light of these facts, which plaintiff has not challenged in his Motion for Reconsideration, the Court once again finds that plaintiff has failed to demonstrate (1) a relationship between the claims in this action and the events that support his requested injunctive relief, (2) a likelihood of irreparable harm in the absence of some form of injunctive relief, or (3) that the specific relief sought is appropriate.[6]  In other words, based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.

Accordingly, plaintiff's motion for reconsideration of the February 2023 Order is

---

[6] According to DOCCS Directive #4948, plaintiff may request voluntary protective custody if he believes he is in danger, and that request must be "investigate[d]" by an assigned employee, who must then provide a report to the Superintendent or his designee for a final determination.  *See* Section IV.  The Directive further states that "incarcerated individuals placed in PC status will be evaluated and recommended for transfer to facilities where they may be appropriately programmed in general population."  *See* Section V(A).  Plaintiff has not represented that he requested protective custody as a result of the alleged events of December 12, 2022, or offered any explanation for not doing so.

denied.[7]

### III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Motion for Reconsideration (Dkt. No. 110) is **DENIED** as set forth above; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:  April 24, 2023
         Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge

---

[7] As noted in the February 2023 Order, the denial of plaintiff's request for injunctive relief is without prejudice to him commencing a new action, wherein he may seek permissible injunctive relief as appropriate. *See* February 2023 Order at 10.