UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAY BRADSHAW,

                        Plaintiff,

      v.                                                      9:21-CV-0826
                                                                      (MAD/CFH)

ERIC MARSHAL, et al.,

                        Defendants.

---

APPEARANCES:

JAY BRADSHAW
08-A-3654
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. LETITIA JAMES                         MATTHEW J. GALLAGHER, ESQ.
New York State Attorney General        Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

# DECISION AND ORDER

## I.    INTRODUCTION

Pro se plaintiff Jay Bradshaw commenced this action by filing a complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"), and a motion for preliminary injunctive relief. Dkt. No. 1 ("Compl."); Dkt. No. 4 ("IFP Application"); Dkt. No. 2 ("First Preliminary Injunction Motion").

By Decision and Order entered on September 14, 2021, this Court granted plaintiff's IFP Application in accordance with 28 U.S.C. § 1915(g), and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed several claims and defendants from this action, and found that plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Orbegozo, John Doe #1, Marshall, Locke, Russell, Welch, John Doe #2, and Gravlin survived sua sponte review and required a response. Dkt. No. 13 ("September 2021 Order"). The Court also directed that a response to plaintiff's requests for injunctive relief (Dkt. Nos. 2, 7, 9, 11, 12) be filed by defendants Orbegozo, Marshall, Locke, Russell, Welch, and Gravlin, or their counsel, within thirty (30) days of service on any defendant. *Id*. at 34.[1]

Thereafter, plaintiff filed a motion to amend his complaint, together with a proposed amended complaint. Dkt. No. 70 ("Motion to Amend"); Dkt. No. 70-1 ("Proposed Amended Complaint"). By Decision and Order entered on August 8, 2022, this Court accepted plaintiff's proposed amended complaint as the operative pleading in this case, and found that the following claims survived sua sponte review and required a response: (1) plaintiff's First Amendment retaliation claims against defendants Orbegozo, Marshall, and McCargar; and (2) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Orbegozo, Kilcoyne, Marshall, Locke, Russell, Welch, Miller, McCargar, Vesneske, and Gravlin based on alleged use-of-force incidents that occurred on July 12,

---

[1] As of the date of the September 2021 Order, plaintiff had four other actions pending in this District based on events that occurred between May and August, 2021. *See Bradshaw v. Gordon*, No. 21-CV-0645 (N.D.N.Y. filed June 3, 2021) ("*Bradshaw v. Gordon*"); *Bradshaw v. Uhler*, No. 21-CV-0776 (N.D.N.Y. filed July 8, 2021) ("*Bradshaw v. Uhler*"); *Bradshaw v. Annucci*, No. 21-CV-0901 (N.D.N.Y. filed Aug. 11, 2021) ("*Bradshaw v. Annucci*"); *Bradshaw v. Brand*, No. 21-CV-0942 (N.D.N.Y. filed Aug. 20, 2021) ("*Bradshaw v. Brand*"). Following the September 2021 Order, one of those actions was dismissed, *see Bradshaw v. Brand*, Dkt. No. 6, and plaintiff's IFP status was revoked in two of the other actions, *see Bradshaw v. Gordon*, Dkt. No. 67; *Bradshaw v. Uhler*, Dkt. No. 72.

2021.  Dkt. No. 82 ("August 2022 Order").

Following the completion of service on each of the aforementioned officials, counsel filed an answer on their behalf and a mandatory pretrial discovery and scheduling order was issued, which, among other things, set May 19, 2023, as the amended pleadings deadline. Dkt. No. 104 ("Answer"); Dkt. No. 105 ("Scheduling Order").

On March 20, 2023, counsel filed a status report confirming compliance with Part I(A)(2) of the Scheduling Order, which governs initial disclosures.  Dkt. No. 111.  Thereafter, plaintiff notified the Court that he intended to file an amended pleading before May 19, 2023, based on his incorrect identification of two defendants.  Dkt. No. 114.

By Text Order entered on April 20, 2023, the Honorable Christian F. Hummel, among other things, granted plaintiff leave to submit an amended pleading insofar as he sought to substitute two new officials as defendants in place of two existing defendants.  Dkt. No. 115 ("April 2023 Order").

Presently before the Court are the following: (1) plaintiff's letter request for injunctive relief and a stay of pretrial deadlines, Dkt. No. 117 ("First Letter Request"); (2) plaintiff's motion for appointment of counsel, Dkt. No. 118 ("Motion for Counsel"); (3) plaintiff's proposed second amended complaint, Dkt. No. 119 ("SAC");[2] (4) plaintiff's letter request to withdraw the First Letter Request, Dkt. No. 121 ("Withdrawal Request"); (5) plaintiff's letter request for an extension of pretrial deadlines, Dkt. No. 122 ("Second Letter Request"); (6) plaintiff's letter request for a stay of further proceedings in this matter based on missing property, Dkt. No. 125 ("Third Letter Request"); and (7) plaintiff's letter request for an

---

[2]  Although plaintiff captioned the document as a "Third Amended Complaint," the current operative pleading in this case is the amended complaint, not the second amended complaint.

extension of the discovery deadline in lieu of a stay, Dkt. No. 126 ("Fourth Letter Request").[3]

## II.    SUFFICIENCY OF THE SECOND AMENDED COMPLAINT

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave[, and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

In this case, Judge Hummel afforded plaintiff leave to file a second amended complaint only to the extent that he sought to name Conor Gordon and Aaron Mitchell as defendants in place of Corrections Officer McCargar and Corrections Officer Miller. *See* April 2023 Order. Because the proposed second amended complaint names several new defendants in addition to Gordon and Mitchell, and pleads additional claims that were not articulated in the amended complaint, plaintiff's filing is well beyond the scope of the permission granted to him, and therefore should have been accompanied by a proper motion. Nonetheless, out of an abundance of solicitude, the Court will consider the sufficiency of the second amended complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).[4]

---

[3] After plaintiff filed the Fourth Letter Request, he filed a motion to compel discovery, *see* Dkt. No. 128, which will be decided separately, and in due course.

[4] The legal standard governing the review of a pleading in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the September 2021 Order and will not be restated herein. *See* September 2021 Order at 11-13.

### A.     The Complaint and September 2021 Order

The original complaint asserted claims based on alleged events that occurred during plaintiff's incarceration at Upstate Correctional Facility ("Upstate C.F."). *See generally* Compl. The complaint was construed to assert the following claims: (1) Eighth Amendment excessive force and failure-to-intervene claims against Vesneske, Orbegozo, Marshall, Locke, John Doe #1, Russell, Gravlin, Welch, John Doe #2, Soucia, and Uhler; (2) Eighth Amendment harassment claims against Lamica, Gibson, Marshall, and Gadway; (3) Eighth Amendment conditions-of-confinement claims against Vesneske, Mallette, and Brunson based on denying plaintiff tablet privileges; (4) First Amendment retaliation claims against Vesneske, Mallette, and Brunson based on the revocation of plaintiff's tablet privileges; and (5) Fourteenth Amendment equal protection claims against Vesneske, Mallette, and Brunson based on the revocation of plaintiff's tablet privileges. *See* September 2021 Order at 17-18.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Orbegozo, John Doe #1, Marshall, Locke, Russell, Welch, John Doe #2, and Gravlin based on alleged use-of-force incidents that occurred on July 12, 2021, were found to survive sua sponte review and require a response. *See* September 2021 Order at 33. All remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *Id*.

### B.     The Amended Complaint and August 2022 Order

As with the original complaint, the amended complaint asserted claims based on alleged events that occurred during plaintiff's incarceration at Upstate C.F. *See generally* Dkt. No. 83 ("Am. Compl."). The amended complaint was construed to assert the following

5

Section 1983 claims: (1) Eighth Amendment excessive force and failure-to-intervene claims against defendants Vesneske, Orbegozo, Marshall, Locke, Kilcoyne, Russell, Gravlin, Welch, Miller, Soucia, McCargar, Uhler, Bishop, and Annucci; and (2) First Amendment retaliation claims against defendants Vesneske, Uhler, Bishop, Orbegozo, McCargar, and Marshall. *See* August 2022 Order at 9.

Following review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the following claims were found to survive sua sponte review and require a response: (1) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Vesneske, Orbegozo, Miller, Marshall, Locke, Russell, Welch, Kilcoyne, McCargar, and Gravlin based on alleged use-of-force incidents that occurred on July 12, 2021; and (2) plaintiff's First Amendment retaliation claims against defendants Orbegozo, McCargar, and Marshall.  *See* August 2022 Order at 10-11.  All remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted.  *Id*. at 11-18.

### C. Overview of the Proposed Second Amended Complaint

Plaintiff's proposed second amended complaint is materially similar to the amended complaint, with a few exceptions.  First, the proposed second amended complaint identifies Corrections Officer Mitchell as a defendant in place of Corrections Officer Miller.  *See generally*, SAC.  Second, the proposed second amended complaint identifies Corrections Officer Gordon instead of Corrections Officer McCargar as one of the two officials involved in the second alleged use-of-force incident that occurred on July 12, 2021, while still naming McCargar as a defendant based on this official allegedly witnessing the incident.  *Id.*  Third, the proposed second amended complaint names, for the first time, Corrections Officer

6

Dumas, Corrections Officer Olsen, Nurse Holcombe, and Office of Special Investigations ("OSI") Supervisor Holmes as defendants and asserts Eighth Amendment claims against these officials based on new allegations of wrongdoing. *Id.* Fourth, the proposed second amended complaint asserts First Amendment retaliation claims against defendants Locke, Gordon, Russell, and Welch.

As is relevant to the Court's review herein, the following facts are set forth as alleged by plaintiff in the proposed second amended complaint.

In September, 2018, plaintiff fled a grievance against defendant Locke "for his role in orchestrating an attack against plaintiff," and in 2019 filed a lawsuit against this official "for the same issue[.]" SAC, ¶ 8. In September, 2018, plaintiff also filed a grievance against defendant Russell for harassment, and filed a lawsuit naming this official as a defendant after this action was commenced. *Id.*, ¶ 9.

On March 15, 2019, plaintiff "reported a sexual assault to defendant Welch[,]" and this official responded by subjecting plaintiff to excessive force, which was the subject of a claim brought by plaintiff in a lawsuit filed later that year. SAC, ¶ 10.

On May 20, 2021, plaintiff filed one or more grievances that accused defendant Orbegozo of assaulting him on May 6, 2021, accused defendant Marshall of denying him personal property on May 6, 2021, and "mistakenly" accused defendant Gordon of assaulting him on May 10, 2021. SAC, ¶¶ 11-13. Plaintiff also submitted the following grievances before July 12, 2021: (1) a grievance on May 31, 2021, which "mistakenly" accused defendant Gordon of denying him meals a few days earlier; (2) a grievance on June 7, 2021, which accused defendant Orbegozo of denying him meals days earlier; and (3) a grievance on June 27, 2021, which accused defendant Marshall of improperly searching his cell on

June 11, 2021.  *Id.*

Upstate Correctional Facility Superintendent Uhler "failed to decide" the grievance filed by plaintiff on June 7, 2021, and on July 1, 2021, defendants Uhler and Bishop denied the grievance filed by plaintiff on June 27, 2021.  SAC, ¶¶ 31-33.

On July 12, 2021, plaintiff was involved in four separate use-of-force incidents.  *See* SAC, ¶¶ 15-30.  The second use-of-force incident involved defendant Locke and defendant Corrections Officer Gordon assaulting plaintiff at his cell while defendants Veneske, Marshall, McCargar and Dumas were present.  *Id.*, ¶¶ 20-22.  The third use-of-force incident involved defendant Russell subjecting plaintiff to force outside of his cell while defendants Marshall and Olson were present.  *Id.*, ¶¶ 24-25.  The fourth use-of-force incident involved defendants Welch and Mitchell assaulting plaintiff while in a transport van en route to the hospital.  *Id.*, ¶¶ 28-29.

Following the events of July 12, 2021, defendant Nurse Holcombe, defendant Corrections Officer Trombley, and several of the named defendants involved in one or more of the use-of-force incidents "made false use-of-force reports."  SAC, ¶ 30.

In addition to the aforementioned officials, plaintiff also re-names New York State Department of Corrections and Community Supervision ("DOCCS") Commissioner Annucci as a defendant, and names OSI Supervisor Holmes as a defendant based on allegations that these officials were historically aware of assaults by corrections officials against prisoners, yet failed to take disciplinary or remedial actions to prevent the wrongdoing that plaintiff experienced.  SAC, ¶¶ 35-39.

Liberally construed, the proposed second amended complaint asserts the following Section 1983 claims: (1) Eighth Amendment excessive force and failure-to-intervene claims

8

against defendants Vesneske, Orbegozo, Marshall, Locke, Kilcoyne, Russell, Gravlin, Welch, Mitchell, Dumas, Olsen, Gordon, and McCargar; (2) Eighth Amendment failure-to-protect claims against defendants Uhler, Bishop, Annucci, and Holmes; (3) First Amendment retaliation claims against defendants Locke, Gordon, Russell, Welch, Orbegozo, and Marshall; and (4) Section 1983 conspiracy claims against defendants Vesneske, Orbegozo, Marshall, Locke, Kilcoyne, Russell, Gravlin, Welch, Mitchell, Dumas, Olsen, Gordon, McCargar, Holcombe, and Trombley.

The proposed second amended complaint seeks monetary damages and injunctive relief. *See* SAC at 6-7. For a more complete statement of plaintiff's claims, reference is made to the proposed second amended complaint.

### D.     Analysis

#### 1.   First Amendment Retaliation Claims

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's First Amendment retaliation claims survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

#### 2.   Eighth Amendment Excessive Force and Failure-to-Intervene Claims

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that plaintiff's Eighth Amendment excessive force and failure-to-intervene claims survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims

can withstand a properly filed dispositive motion.

### 3. Eighth Amendment Failure-to-Protect Claims

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).[5]

"The Eighth Amendment [also] requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dept. of Corrs.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Prison officials may be held liable under Section 1983 for failing to protect an inmate from conditions posing a substantial risk of serious harm. *See Farmer*, 511 U.S. at 836. In order to establish a "failure to protect," the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, and prison officials acted with deliberate indifference to that risk and the inmate's safety. *Id*. Deliberate indifference exists when "the official knows

---

[5] In this regard, while "a *de minimis* use of force will rarely suffice to state a constitutional claim," *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993), the malicious use of force to cause harm constitutes an Eighth Amendment violation per se because in such an instance "contemporary standards of decency are always violated." *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 U.S. at 9). The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

"One way to make out such a claim is to allege that 'a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant official being sued had been exposed to information concerning the risk and thus must have known about it.'" *Coronado v. Goord*, No. 99-CV-1674, 2000 WL 1372834, at *4 (S.D.N.Y. Sept. 25, 2000) (quoting *Farmer*, 511 U.S. at 842-43); *see also Hayes*, 84 F.3d at 620-21 (prisoner's repeated expressions of fear following an inmate attack and requests for transfer as a safety measure raised a question of fact).  "Courts have [also] found that a prisoner validly states an Eighth Amendment claim based on a failure to protect when he alleges that he informed corrections officers about a specific fear of assault and is then assaulted." *Davis v. Torres*, No. 10-CV-2236, 2012 WL 3070092, at *5 (S.D.N.Y. May 2, 2012), *report and recommendation adopted by* 2012 WL 3070083 (S.D.N.Y. July 27, 2012); *see also Beckles v. Bennett*, No. 05-CV-2000, 2008 WL 821827, at *17 (S.D.N.Y. Mar. 26, 2008) (denying summary judgment where plaintiff presented evidence that he informed sergeant of correction officers' threatening behavior and was later assaulted by those officers).

"On the other hand, an inmate's communications about 'generalized safety concerns' or 'vague concerns of future assault by unknown individuals' are insufficient to provide knowledge that the inmate is subject to a substantial risk of serious harm." *Stephens v. Venettozzi*, No. 13-CV-5779, 2016 WL 929268, at *19 (S.D.N.Y. Feb. 24, 2016) (quoting *Ross v. City of New York*, No. 12-CV-8545, 2014 WL 3844783, at *8 (S.D.N.Y. 2014), *rev'd*

*on other grounds*, No. 14-3327 (2d Cir. July 20, 2015) (summary order)), *report and recommendation adopted sub nom. Stephens v. Venetozzi*, 2016 WL 1047388 (S.D.N.Y. Mar. 10, 2016). "Neither mere negligence nor a prison guard's mere failure to act reasonably is enough to state an Eighth Amendment deliberate indifference claim." *Sawyer v. New York State Depat. of Corr. Servs.*, No. 11-CV-0152, 2015 WL 6644112, at *7 (W.D.N.Y. June 30, 2015) (citing *Garcia v. Witkowski*, 988 F. Supp. 2d 360, 361 (W.D.N.Y. 2013)), *report and recommendation adopted in pertinent part by* 2015 WL 6641471 (W.D.N.Y. Oct. 28, 2015); *Shell v. Brun*, 585 F. Supp. 2d 465, 469-70 (W.D.N.Y. 2008) ("In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety. Mere negligence (for example if a prison guard should know of a risk but does not) is not enough . . . .").

In this case, the proposed second amended complaint asserts failure-to-protect claims based on defendant Uhler not deciding one grievance filed by plaintiff on June 7, 2021, defendants Uhler and Bishop denying a second grievance filed by plaintiff on June 27, 2021, and both officials, as well as defendants Annucci and Holmes, failing to train, discipline, or take remedial action to address corrections officials using force against inmates in restraints. *See* SAC, ¶¶ 31-39.

In light of the additional details provided in the proposed second amended complaint regarding the grievances plaintiff submitted to defendants Uhler and Bishop, the Court finds that plaintiff's Eighth Amendment failure-to-protect claims against these officials survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

The Court, however, reaches a different conclusion with respect to plaintiff's failure-to-

protect claims against defendants Annucci and Holmes.  Even assuming these officials were generally aware of corrections officials subjecting inmates in restraints to unnecessary force, the pleading lacks any details regarding how often this was happening, where, when, and why this was happening, whether or not any inmates suffered any serious injuries as a result of this conduct, or whether or not any of the named defendants were involved in this conduct.  In addition, plaintiff does not allege facts which plausibly suggest that every time, or even most of the time, that he was placed in restraints before July 12, 2021, he was threatened with, or subjected to, unnecessary force.  Thus, the Court has no basis to plausibly infer that the overall environment for restrained inmates at Upstate C.F. was objectively serious at all times prior to July 12, 2021, let alone that defendants Annucci and Holmes knew that plaintiff faced a substantial risk of serious harm leading up to this date because inmates in restraints had been subjected to unnecessary force in the past.

Accordingly, plaintiff's Eighth Amendment failure-to-protect claims against defendants Annucci and Holmes are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 4. Conspiracy Claims

"To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors . . .; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).  A plaintiff must "make an effort to provide some details of time and place and the alleged effects of the conspiracy . . . [including] facts to demonstrate that the defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Warren v. Fischl*, 33 F. Supp. 2d 171, 177 (E.D.N.Y. 1999) (citations omitted).  Vague and

13

conclusory allegations that defendants have engaged in a conspiracy must be dismissed. *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002); *see also Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.").

The complaint in this case is devoid of any details regarding an agreement entered into between two or more of the named defendants to violate plaintiff's constitutional rights. For example, the complaint lacks any allegations which plausibly suggest that any of the named defendants involved in the alleged use-of-force incidents that occurred on July 12, 2021, agreed, in advance, to subject plaintiff to physical harm. Furthermore, the alleged creation of false reports by officials who were not present during the alleged use-of-force incidents -- defendants Trombley and Holcombe -- is not enough to plausibly suggest participation in an agreement to violate plaintiff's constitutional rights. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (dismissing the plaintiff's conspiracy claim arising from allegations that the defendants conspired to retaliate against him by filing a false misbehavior report); *Lewis v. Havernack*, No. 9:12-CV-0031 (GLS/DEP), 2013 WL 1294606, at *11 (N.D.N.Y. Mar. 28, 2013) ("Here, the allegation that defendants Chapman and Imfeld conspired to file a false misbehavior report against plaintiff is not cognizable under section 1983 because plaintiff has no general constitutional right to be free from being falsely accused in a misbehavior report."), *report and recommendation adopted by* 2013 WL 1294592 (N.D.N.Y. Mar. 28, 2013).

The Court would add only that because an alleged conspiracy to violate an individual's constitutional rights is not an independent claim, but rather a theory of liability, plaintiff need

not prove a conspiracy to succeed on any of his underlying claims that have survived sua sponte review. *See Clark v. City of Oswego*, No. 5:03-CV-202 (NAM/DEP), 2007 WL 925724, at *7 (N.D.N.Y. Mar. 26, 2007) ("A plaintiff asserting a Section 1983 conspiracy claim must first prove a violation of the underlying constitutional right, . . ., or in other words, a civil conspiracy claim do[es] not set forth an independent cause of action but rather is sustainable only after an underlying tort claim has been established[.]" (internal quotation marks and citations omitted)); *see also Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009), as amended (Oct. 7, 2009) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails."); *DeStefano v. Duncanson*, No. 08-CV-3419, 2011 WL 651452, at *4 (S.D.N.Y. Feb. 10, 2011) ("A Section 1983 conspiracy claim against private individuals will stand 'only insofar as the plaintiff can prove the sine qua non of a § 1983 action: the violation of a federal right.'" (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)).

Accordingly, plaintiff's conspiracy claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## III. MOTION FOR COUNSEL

There is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *See id.* at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *Sawma v. Perales*, 895 F.2d 91, 95 (2d Cir. 1990). Among these are

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason ... why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61. None of these factors are controlling, however, and each case should be decided on its own facts. *Id*.

Assuming, for purposes of this Decision and Order only, that this case may be of substance, at this stage of the proceeding, the dispute is limited to First Amendment retaliation claims and Eighth Amendment claims based on alleged wrongdoing that occurred on and around July 12, 2021. *See generally*, SAC. These claims do not appear to present overly complex issues, and the Court has no reason to conclude that plaintiff -- an experienced pro se litigant -- is currently unable to present his case, having successfully amended his earlier pleadings and properly responded to court orders.

In addition, plaintiff has been in possession of defendants' initial disclosures since March, 2023. *See* Dkt. No. 111. These documents should help him frame the issues in the case and investigate the "crucial facts" through discovery demands, without the need for

counsel.

While it is possible, should this case proceed to a trial, that there will be conflicting evidence implicating the need for cross-examination, as is the case in many actions brought under Section 1983 by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995)*.* Furthermore, if this case proceeds to trial, it is highly probable that trial counsel will be appointed at the final pretrial conference.  This Court is not aware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

Based on the foregoing, the Court finds that appointment of counsel at this time is unwarranted.  Plaintiff may renew his request for appointment of counsel in the event one or more of his Section 1983 claims is deemed trial ready, provided he is able to demonstrate that, in light of <u>specific</u> changed circumstances, consideration of the above factors warrants granting the application.

## IV.     LETTER REQUESTS

As set forth above, plaintiff has filed five letter requests, each related to alleged challenges with engaging in discovery as a result of his difficulty accessing legal materials following his transfer out of, and eventually back to, Upstate C.F.  *See* Dkt. Nos. 117, 121, 122, 125, 126.  Plaintiff's Fourth Letter Request makes clear that he is now in possession of his legal papers.  *See* Dkt. No. 126.  Accordingly, the Withdrawal Request is granted, the First Letter Request is denied, and the Second Letter Request and Third Letter Request are each denied insofar as plaintiff seeks a stay of further proceedings.  Insofar as the Fourth Letter Request seeks an extension of the discovery deadline in lieu of a stay, that request is

granted, and the remaining deadlines will be reset following a ruling on the pending motion to compel.[6]

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the proposed second amended complaint (Dkt. No. 119) is accepted for filing and will supersede and replace the previously filed amended complaint as the operative pleading; and it is further

**ORDERED** that the Clerk is directed to update the docket as follows: (1) add Corrections Officer Mitchell as a defendant in place of Corrections Officer Miller; and (2) add Corrections Officer Gordon, Corrections Officer Dumas, Corrections Officer Olsen, Nurse Holcombe, and Office of Special Investigations Supervisor Holmes as defendants; and it is further

**ORDERED** that the following claims **SURVIVE** sua sponte review and require a response: (1) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Vesneske, Orbegozo, Marshall, Locke, Kilcoyne, Russell, Gravlin, Welch, Mitchell, Dumas, Olsen, Gordon, and McCargar; (2) plaintiff's Eighth Amendment failure-to-protect claims against defendants Uhler and Bishop; and (3) plaintiff's First Amendment retaliation claims against defendants Locke, Gordon, Russell, Welch, Orbegozo, and Marshall; and it is further

**ORDERED** that all remaining Section 1983 claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim

---

[6] Counsel has consented to plaintiff's request for a stay of further proceedings. See Dkt. No. 127. However, in light of plaintiff's apparent possession of his legal materials, an extension of the current deadlines is more appropriate.

upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the second amended complaint, to the United States Marshal for service upon defendants Mitchell, Dumas, Olsen, Gordon, Uhler, and Bishop; and it is further

**ORDERED** that the deadline for the defendants who have appeared in this case to respond to the second amended complaint is **STAYED** pending the completion of service on defendants Mitchell, Dumas, Olsen, Gordon, Uhler, and Bishop; and it is further

**ORDERED** that upon the completion of service on defendants Mitchell, Dumas, Olsen, Gordon, Uhler, and Bishop, a response to plaintiff's second amended complaint be filed by all of the defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Motion for Counsel (Dkt. No. 118) is **DENIED without prejudice** as set forth above; and it is further

**ORDERED** that the Withdrawal Request (Dkt. No. 121) is **GRANTED** insofar as plaintiff seeks to withdraw the relief requested in the First Letter Request (Dkt. No. 117); and it is further

**ORDERED** that the First Letter Request (Dkt. No. 117), Second Letter Request (Dkt. No. 122), and Third Letter Request (Dkt. No. 125) are each **DENIED** as set forth above; and it is further

**ORDERED** that the Fourth Letter Request (Dkt. No. 126) is **GRANTED** insofar as plaintiff seeks an extension of the discovery deadline, which will be reset following a ruling on the pending motion to compel (Dkt. No. 128); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: July 10, 2023
Albany, NY

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge