UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAY BRADSHAW,

                Plaintiff,

     v.                                      9:21-CV-0826
                                                      (MAD/CFH)

ERIC MARSHAL, et al.,

                Defendants.

---

APPEARANCES:

JAY BRADSHAW
08-A-3654
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. LETITIA JAMES                    MATTHEW J. GALLAGHER, ESQ.
New York State Attorney General       Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

    Plaintiff Jay Bradshaw, proceeding pro se in this 42 U.S.C. § 1983 ("Section 1983") civil rights action, alleges wrongdoing while he was incarcerated at Upstate Correctional Facility. Dkt. No. 119 ("Second Amended Complaint").[1] Defendants have answered the

---

[1] By Decision and Order entered on August 8, 2022, this Court granted in part and denied in part a motion to amend and supplement filed by plaintiff, directed the Clerk to docket plaintiff's proposed amended

(continued...)

Second Amended Complaint.  See Dkt. No. 148.[2]

Presently before the Court are the following: (1) a motion from plaintiff seeking injunctive relief based on recent events following his transfer back to Upstate Correctional Facility, Dkt. No. 158 ("Sixteenth Request for Injunctive Relief");[3] (2) a letter from plaintiff seeking an extension of time to appeal an Order entered by the Honorable Christian F. Hummel on November 6, 2023 ("November 2023 Order"), which denied plaintiff's request for access to the personnel file of defendant Donald Uhler following an in camera review of the documents, Dkt. No. 166 ("Magistrate Appeal Extension Request"); (3) a letter request from plaintiff for "a stay in the proceeding" based on his lack of access to "legal papers" and law library tablet privileges, and an order directing the named defendants to return personal property and hygiene products to plaintiff, Dkt. No. 168 ("First Stay Request"); and (4) a second letter request from plaintiff for a stay of the current deadlines, Dkt. No. 172 ("Second

---

[1](...continued)
complaint as the amended complaint, and clarified that the scope of this action is limited to claims based on alleged events that occurred on July 12, 2021.  See Dkt. No. 82 ("August 2022 Order").  Thereafter, plaintiff filed a proposed second amended complaint, which the Court accepted as the Second Amended Complaint by Decision and Order entered on July 10, 2023.  Dkt. No. 130 ("July 2023 Order").  The procedural history of this case was discussed at length in the August 2022 Order and the July 2023 Order, and will not be restated herein.

[2] Plaintiff currently has three other actions pending in this District.  See Bradshaw v. Locke, No. 19-CV-428 (N.D.N.Y. filed April 10, 2019); Bradshaw v. Annucci, No. 21-CV-0901 (N.D.N.Y. filed Aug. 11, 2021) ("Bradshaw v. Annucci I"); Bradshaw v. Annucci, 9:23-CV-0602 (N.D.N.Y. filed Apr. 24, 2023) ("Bradshaw v. Annucci II").

[3] In the August 2022 Order, the Court denied a motion for injunctive relief filed by plaintiff based on alleged events that occurred in and after February, 2022.  See August 2022 Order at 16-17.  Before that request for injunctive relief was decided, the Court had considered (and denied) twelve earlier requests for injunctive relief, including eleven seeking orders directing that plaintiff be transferred to another facility, and that officials at Upstate Correctional Facility discontinue threatening and unlawfully assaulting him and engaging in retaliatory conduct.  See Dkt. 44 ("December 2021 Order") (denying Nos. 2, 7, 9, 11, 12, 18, 25, 26, 29, 35); Dkt. No. 52 (denying No. 45); Dkt. No. 63 (denying Dkt. No. 58).  Following the August 2022 Order, the Court denied two more requests from plaintiff for injunctive relief.  See Dkt. No. 88 (denying Dkt. No. 81); Dkt. No. 107 (denying Dkt. No. 100).

Stay Request").[4]  Defendants have opposed the Sixteenth Request for Injunctive Relief, and plaintiff has submitted a reply declaration in further support of his motion.  *See* Dkt. No. 167 ("Opposition to the Sixteenth Request for Injunctive Relief"); Dkt. No. 174 ("Reply Declaration").[5]

## II.  SIXTEENTH REQUEST FOR INJUNCTIVE RELIEF

### A.  Overview of the Claims Remaining in this Action and the Pending Motion

In light of the July 2023 Order, only the following claims remain in this action: (1) First Amendment retaliation claims against defendants Locke, Gordon, Russell, Welch, Orbegozo, and Marshall based on these officials allegedly subjecting plaintiff to excessive force on July 12, 2021, in response to grievances he filed against them; (2) Eighth Amendment excessive force and failure-to-intervene claims against defendants Vesneske, Orbegozo, Marshall, Locke, Kilcoyne, Russell, Gravlin, Welch, Mitchell, Dumas, Olsen, Gordon, and McCargar based on alleged use-of-force incidents that occurred on July 12, 2021; and (3) Eighth Amendment failure-to-protect claims against defendants Uhler and Bishop.  *See generally*, July 2023 Order.

In his request for injunctive relief, plaintiff seeks an order directing defendants Uhler and Bishop to (1) change and/or maintain personnel assignments to ensure that none of the defendants in this case are assigned to an area where plaintiff is located, (2) require officials at Upstate Correctional Facility to record each time plaintiff exits and returns to his cell with a handheld camera; and (3) allow plaintiff's counselor to submit a transfer request on his behalf

---

[4] Plaintiff also has filed appeals from discovery orders issued by the Honorable Christian F. Hummel, which will be decided separately, and in due course.

[5] Counsel's opposition generously characterizes plaintiff's motion as his thirteenth request for injunctive relief.

3

so that he may be transferred from Upstate Correctional Facility.  *See* Dkt. No. 158 at 2-3 ("Bradshaw Decl.), ¶¶ 1, 11.  Plaintiff seeks this relief based on the following facts set forth in his motion papers.

On September 28, 2023, a non-party correctional officer "slammed [plaintiff] to the ground while [he was] handcuffed."  Bradshaw Decl., ¶ 3.  Thereafter, defendant Orbegozo "engag[ed]" plaintiff "as a means to intimidate [him]."  *Id*.

On October 9 and 17, 2023, defendants Welch and Kilcoyne, respectively, appeared at plaintiff's cell "as a means to intimidate" him.  Bradshaw Decl., ¶¶ 4-5.  On October 18, 2023, defendant Conor "shouted" plaintiff's name as he was entering the holding cell and appeared at plaintiff's cell, after defendant Uhler walked the housing unit, to intimidate him.  *Id*. ¶¶ 6-7.

At unidentified points in time since plaintiff's return to Upstate Correctional Facility, "many other" non-party officials have also "exhibited aggressive behavior by slamming the cell hatch with excessive force and com[ing] to stare at [plaintiff] in the cell to intimidate [him.]"  Bradshaw Decl., ¶ 7.  According to plaintiff, "the aggressive behavior is constant now[.]"  *Id*. ¶ 9.

Plaintiff contends that he will suffer "irreparable harm in the form of continue[d] physical harm and retaliation" in the absence of the injunctive relief that he seeks.  Bradshaw Decl., ¶ 10.

Defendants have opposed plaintiff's motion, arguing that plaintiff has failed to demonstrate that he will suffer imminent and irreparable harm in the absence of the relief that he seeks, and also that he has failed to establish a likelihood of success on the merits as it relates to the wrongdoing identified in his motion papers.  *See* Dkt. No. 167.

In his Reply Declaration, plaintiff repeats the facts set forth in his initial declaration, and further explains his belief that he has been subjected to acts of intimidation because defendant Uhler has historically condoned this conduct.  *See* Reply Declaration, ¶ 10. Plaintiff also generically states that he has filed "several grievances regarding the incidents stated in [his] motion," along with requests for placement in protective custody and a transfer to another facility, without providing any proof of these submissions or details regarding (1) when he submitted these requests, (2) the reasons why the requests were denied, or (3) what investigation, if any, was conducted regarding his requests.  *Id.*, ¶ 18.

**B.    Analysis**

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood  of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d  Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," as in this case, the burden is even higher.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598

5

F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

As noted, plaintiff's Sixteenth Request for Injunctive Relief seeks an order directing defendants Uhler and Bishop to (1) change and/or maintain personnel assignments to ensure that none of the defendants in this case are assigned to an area where plaintiff is located, (2) require officials at Upstate Correctional Facility to record each time plaintiff exits and returns to his cell with a handheld camera; and (3) allow plaintiff's counselor to submit a transfer request on his behalf so that he may be transferred from Upstate Correctional Facility. *See* Bradshaw Decl., ¶¶ 1, 11.

Plaintiff has made an overwhelming number of submissions in this case, which counsel has summarized in defendants' opposition to the Sixteenth Request for Injunctive Relief. Dkt. No. 167 at 3-5. Plaintiff has also repeatedly been advised, in this case and in others brought by him, that seeking the same relief in multiple pending cases is abusive, and a waste of judicial resources. *See* Dkt. No. 63 at 4-5; *Bradshaw v. Annucci I*, Dkt. No. 41 (N.D.N.Y. filed Feb. 23, 2022). Nonetheless, this Court now has before it a motion for injunctive relief in this case, and a motion for injunctive relief in *Bradshaw v. Annucci II*,

6

wherein plaintiff seeks a transfer to another facility, among other things, based on events that occurred during the exact same time period, i.e., between late September and October, 2023. *Compare* Sixteenth Request for Injunctive Relief *with Bradshaw v. Annucci II*, Dkt. No. 23.

While the events described in each motion are not identical, the abusive nature of plaintiff's filing in this case is exemplified by the fact that he has not identified any specific incidents of actionable harm, or threats of future harm, that he has experienced as a result of the conduct of one or more of the named defendants since his return to Upstate Correctional Facility on or about September 28, 2023.[6]  Rather, as noted in counsel's opposition, plaintiff's request for injunctive relief in this case is based solely on (1) vague allegations of perceived acts of intimidation, such as officials staring at him and slamming his cell hatch, and (2) deprivations that plaintiff experienced at Upstate Correctional Facility more than a year ago. *See* Bradshaw Decl. ¶¶ 3-10.  Plaintiff's speculation regarding his risk of future harm by one or more of the named defendants based on what amounts to, at most, unsubstantiated allegations of harassment, falls far short of a substantial showing that certain, imminent, and irreparable harm will occur in the absence of the injunctive relief he seeks.  *See, e.g., Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (preliminary relief cannot be founded on irreparable harm that is "remote or speculative"); *Hooks v. Howard*, No. 9:07-CV-0724, 2008 WL 2705371, at *2 (N.D.N.Y. July 3, 2008) (citation omitted) ("Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages."); *Guillory v. Ellis*, No.

---

[6]  Plaintiff has also failed to offer any record evidence, beyond self-serving statements, showing that (1) he has attempted to resolve his concerns through administrative channels, (2) he has requested a transfer to another correctional facility in accordance with New York State Department of Corrections and Community Supervision ("DOCCS") procedures, or (3) one or more of the named defendants have prevented him from requesting a transfer to another facility.

9:11-CV-600 (MAD/ATB), 2012 WL 2754859, at *5 (N.D.N.Y. July 9, 2012) ("Even if Plaintiffs motion for a TRO was directed at Defendants in this action, Plaintiff has failed to establish an imminent threat of irreparable harm or that other serious injury that would result if injunctive relief is not granted because the alleged new deprivations have already occurred."); *Trowell v. Upstate Corr. Facility*, No. 9:16-CV-0639 (MAD/TWD), 2016 WL 7156559, at *8 (N.D.N.Y. Dec. 7, 2016) ("Plaintiff's fear that he may be assaulted in the future is purely speculative and, therefore, patently insufficient to show that he is likely to suffer imminent irreparable harm if the requested relief is not granted. . . . In his motion, plaintiff sets forth factual allegations related to the August 5, 2016 incidents, the same incidents that formed the foundation for the supplemental complaint. . . . Plaintiff cannot base his request for relief upon past conduct and the anticipation of future assaults.").

Additionally, the alleged wrongdoing detailed in plaintiff's Declaration in support of his Sixteenth Request for Injunctive Relief does not bear any relationship to the events that form the basis of the claims in this action, which occurred more than two years ago.  Moreover, plaintiff could not successfully amend his operative pleading to assert claims based on the alleged wrongdoing that forms the basis of his current motion because the alleged harassment does not give rise to a cognizable Section 1983 claim.  *See, e.g., Khalil v. City of New York*, No. 17-CV-1729, 2019 WL 1597315, at *5 (E.D.N.Y. Apr. 15, 2019) ("Verbal threats alone are insufficient to give[ ] rise to a constitutional violation that is cognizable under § 1983."); *Lawtone-Bowles v. Katz*, No. 14-CV-606, 2016 WL 6834018, at *8 n.12 (S.D.N.Y. Nov. 17, 2016); *see also Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (upholding dismissal of "claim[ ] that prison guards called [the plaintiff] names," because this claim "did not allege any appreciable injury"); *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474

8

(S.D.N.Y. 1998) (noting that verbal harassment, profanity, or even racial epithets, "unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983" (internal quotation marks and citation omitted)); *Webster v. Fischer*, 694 F. Supp. 2d 163, 187 (N.D.N.Y. 2010). Thus, even if the Court were to assume that plaintiff is likely to succeed on the merits of his underlying claims, there is no legal basis for granting him the current relief that he seeks. *See Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985) ("Only after an action has been commenced can preliminary injunctive relief be obtained. . . . Herein, Stewart filed a complaint in the district court in October, 1983, alleging discrimination in employment based on conduct of the type asserted in his 1980 EEOC claims, and thereby commenced an action pertaining to the then alleged discriminatory conduct. His July, 1984 motion for preliminary injunctive relief, claiming discrimination and retaliation based on his suspension without pay in May, 1984, presents issues which are entirely different from those which were alleged in his original complaint. Since Stewart neither filed a separate complaint in the district court relating to his suspension without pay and based upon his MSPB action, . . . nor sought to avail himself of the liberal rules which would have allowed for the amendment of his original October, 1983 complaint, we hold that no jurisdictional basis existed upon which the district court herein could have issued its preliminary injunctive relief."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's [Section] 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate

medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."); *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir.2010) (the plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint); *Davidson v. Scully*, 914 F. Supp. 1011, 1016 (S.D.N.Y. 1996) ("Plaintiff complains that his furnishings and supplies are inadequate and this interferes with his ability to prepare his cases. Although argued as a motion for a preliminary injunction, plaintiff in fact has moved for an order unrelated to the merits of his underlying claims, because there is no actual controversy between the parties before the Court regarding the adequacy of plaintiff's furnishings and supplies."); *Santiago Cruz v. Doe #1*, No. 9:21-CV-0806 (TJM/ML), 2021 WL 5629097, at *3 (N.D.N.Y. Dec. 1, 2021) (denying request for injunctive relief where the plaintiff failed to make a clear showing that the allegations that form the basis of his motion are "related to the underlying action" (collecting cases)); *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (internal quotation marks and citations omitted)); *see also Fabrizio v. Oliver*, No. 9:18-CV-0339 (GTS/DEP), 2018 WL 11243392, at *3 (N.D.N.Y. July 20, 2018) (finding allegations of wrongdoing by named defendants surrounding pat frisks and the refusal to return personal property "wholly unrelated" to claims of excessive force based on an isolated event that occurred roughly

three months earlier, and denying request for injunctive relief based on unrelated events).

Finally, insofar as plaintiff seeks an order directing his transfer to another facility, as he has been advised numerous times, it is DOCCS, and not this Court, that determines where plaintiff will be housed during his period of incarceration.  *See Meachum*, 427 U.S. at 229; *Olim v. Wakinekona*, 461 U.S. 238, 248-49 (1983) (stating that inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976) (holding that New York state prisoners have no right to incarceration at a particular prison facility).  It is well-established that DOCCS has "broad leeway in deciding where to house the inmates under its protective care." *McFadden v. Solfaro*, Nos. 95-CV-1148, 95-CV-3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998).

For all of these reasons, plaintiff's Sixteenth Request for Injunctive Relief is denied. Although the Court declines to grant counsel's request for costs and expenses associated with opposing plaintiff's motion, plaintiff is advised that in the event he files another unsubstantiated motion for injunctive relief that is denied for one or more reasons previously addressed by this Court, defendants will be heard on this issue.  *See Shepherd v. Annucci*, 921 F.3d 89, 97 (2d Cir. 2019) (recognizing the district court's "inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for bad-faith conduct" following "adequate notice and an opportunity to be heard" (internal quotation marks and citations omitted)).

### III. MAGISTRATE APPEAL EXTENSION REQUEST

Plaintiff has requested an extension of his deadline to appeal the November 2023 Order based on his lack of access to personal property.  *See* Magistrate Appeal Extension Request.  Importantly, before Judge Hummel issued the November 2023 Order, he issued

11

three similar orders denying plaintiff access to the personnel files of other defendants following an in camera review of the materials.  *See* Dkt. Nos. 150, 152, 154.  Plaintiff has appealed those orders on similar grounds, arguing, among other things, that the documents he seeks are relevant, not privileged, and different than the documents provided to Judge Hummel for in camera review.  *See* Dkt. Nos. 157, 165.

The Court has no reason to conclude that the arguments plaintiff intends to make with respect to his appeal of the November 2023 Order will be any different than the arguments made in his appeal of the other similar orders.  Moreover, the Court does not wish to entertain multiple overlapping appeals at different times.  Thus, the Court declines to grant plaintiff's request for an indefinite stay of his deadline to appeal the November 2023 Order.  Instead, the Court will grant plaintiff ten (10) days from the date of this Decision and Order to file his appeal of the November 2023 Order.  In an effort to assist him in this regard, the Clerk is directed to provide him with copies of his related appeals (Dkt. Nos. 157, 165).

## IV.    STAY REQUESTS

Plaintiff has also requested "a stay in the proceeding" based on his lack of access to "legal papers" and law library tablet privileges, and an order directing the named defendants to return personal property and hygiene products.  *See* First Stay Request; Second Stay Request.  Insofar as plaintiff's letters may be construed as requests for injunctive relief, the requests are denied because neither were submitted as a proper motion in accordance with the Local Rules of Practice for this District, or bear any relationship to the conduct that gives rise to his remaining claims in this action.  Plaintiff is further advised that concerns regarding his current conditions of confinement should be addressed through administrative channels at Upstate Correctional Facility and DOCCS and, if necessary, by means of a proper court filing.

Insofar as plaintiff seeks an indefinite stay of further proceedings, his request is denied. However, in light of the volume of plaintiff's recent filings, including two pending appeals and another that he presumably intends to file, the Court finds that an extension of the current deadlines is warranted. Accordingly, the current deadlines are stayed, and will be reset following the Court's Decision and Order on plaintiff's appeals.

## V.     CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Sixteenth Request for Injunctive Relief (Dkt. No. 158) is **DENIED without prejudice** as set forth above; and it is further

**ORDERED** that plaintiff's Magistrate Appeal Extension Request (Dkt. No. 166) is **GRANTED in part** and **DENIED in part** and plaintiff's deadline to appeal the November 2023 Order (Dkt. No. 161) is reset to ten days from the date of this Decision and Order. The Clerk is directed to send plaintiff a copy of his pending Magistrate Appeals (Dkt. Nos. 157, 165) to assist him in this regard; and it is further

**ORDERED** that plaintiff's First Stay Request (Dkt. No. 168) and Second Stay Request (Dkt. No. 172) are **GRANTED in part** and **DENIED in part** and the current discovery and dispositive motion deadlines are **STAYED** pending the Court's Decision and Order on plaintiff's Magistrate Appeals; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: December 14, 2023
       Albany, NY

Mae A. D'Agostino
U.S. District Judge