UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAY BRADSHAW,

                              **Plaintiff,**

  vs.                                                      9:21-CV-826
                                                                       (MAD/CFH)

MATTHEW WELCH, *et al.*,

                              **Defendants.**
_____

APPEARANCES:                                            OF COUNSEL:

JAY BRADSHAW
08-A-3654
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff *pro se*

OFFICE OF THE NEW YORK              MATTHEW GALLAGHER, AAG
STATE ATTORNEY GENERAL            LELA M. GRAY, AAG
Litigation Bureau
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") commenced this action alleging various constitutional violations. *See* Dkt. No. 1. By Decision and Order dated September 14, 2021, the Court granted Plaintiff's application to proceed *in forma pauperis* and dismissed several claims and Defendants, and found that Plaintiff's Eighth Amendment excessive force and failure-to-intervene claims

against Defendants Orbegozo, John Doe #1, Marshall, Locke, Russell, Welch, John Doe #2 and Gravlin survived initial review and required a response. *See* Dkt. No. 13.

By Decision and Order entered on August 8, 2022, the Court granted in part and denied in part a motion to amend and supplement filed by Plaintiff, directed the Clerk to docket Plaintiff's proposed amended complaint as the amended complaint, and clarified that the scope of this action is limited to claims based on alleged events that occurred on July 12, 2021. *See* Dkt. No. 82. Thereafter, Plaintiff filed a proposed second amended complaint, which the Court accepted as the second amended complaint by Decision and Order entered on July 10, 2023. *See* Dkt. No. 130. The procedural history of this case was discussed at length in the August 2022 and July 2023 orders, and will not be restated herein.

On July 22, 2024, the Court issued a Memorandum-Decision and Order which, among other things, denied Plaintiff's motion for spoliation and his third motion for the appointment of counsel. *See* Dkt. No. 185. In his motion for spoliation, Plaintiff claimed that Defendant were obligated to preserve certain videos from July 12, 2021, depicting two use-of-force incidents, that Plaintiff claimed Defendants either lost or destroyed. *See* Dkt. No. 164 at 8. In his motion for reconsideration, Plaintiff contends that the "Court overlooked the relevant fact[s] and misapprehended the law." Dkt. No. 186 at 2.

As set forth below, Plaintiff's motion for reconsideration is denied.

## II. DISCUSSION

A.    **Standard of Review**

Motions for reconsideration proceed in the Northern District of New York under Local Rule 60.1 (formerly Rule 7.1(g)).[1] "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citations omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader*, 70 F.3d at 257; *see also Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

**B.     Application**

   ***1. Motion for Spoliation***

---

[1] Local Rule 60.1 provides in relevant part as follows:

> Unless otherwise provided by the Court, by statute or rule ..., a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(a) .... The Court will decide motions for reconsideration or re-argument on submission of the papers, without oral argument, unless the Court directs otherwise.

3

In his motion for spoliation, Plaintiff claimed that Defendants were obligated to preserve certain videos from July 12, 2021, depicting two use-of-force incidents, that Plaintiff claims Defendants either lost or destroyed. *See* Dkt. No. 164 at 8. In its July 22, 2024 Memorandum-Decision and Order, the Court denied Plaintiff's motion, generally finding that (1) the videos of the two incidents addressed in the spoliation motion have been preserved, (2) Plaintiff suffered no prejudice, (3) Plaintiff failed to show that Defendants acted with the intent to deprive him of evidence in this lawsuit, and (4) the lack of preservation, if any, should not be imputed to Defendants under the circumstances. *See* Dkt. No. 185 at 6-11. Specifically, the Court found that the videos of the first incident occurring at approximately 10:37 a.m. on July 12, 2021, had been preserved in the Office of Special Investigations ("OSI") file and, in fact, Plaintiff even admitted to having reviewed these videos during a controlled review on September 11, 2023. *See id.* at 10. As to the handheld video involving the third incident on July 12, 2021, the Court acknowledged that the video had not been preserved, but found that it was of little relevance because that video would have simply depicted Plaintiff from behind while he was being escorted and that Plaintiff cannot establish any prejudice from the loss of this video because the facility surveillance video of the entire incident has been preserved. *See id.* at 11-12.

In his motion for reconsideration, Plaintiff primarily raises three arguments relating to spoliation. Plaintiff first contends that the Court should reconsider the issue of spoliation because the video of the first incident, which Plaintiff viewed on September 11, 2023, allegedly did not depict Defendants, Plaintiff, or even the first incident from July 12, 2021. *See* Dkt. No. 186 at 3. Plaintiff next argues that he was prejudiced by the loss of the handheld video of the second incident because the facility surveillance video of the same incident is "less favorable" to

Plaintiff. *See id.* Finally, Plaintiff asserts that DOCCS' failure to preserve the handheld video should be imputed to Defendants. *See id.* at 4.

As to his first argument, as Defendants note, for the first time in the history of this case, Plaintiff now asserts that the facility surveillance video that he reviewed on September 11, 2023, does not depict Defendants, Plaintiff, or even the first use of force incident of July 12, 2021. *See* Dkt. No. 186 at 3. Aside from the fact that Plaintiff is mistaken, *see* Dkt. No. 179-2 at ¶ 17, Plaintiff offers no explanation for his failure to present this argument before now. He did not bring this allegation to the attention of the Court during the discovery conference on September 14, 2023, just three (3) days after he viewed the videos. Plaintiff also did not make this argument in his underlying spoliation motion. *See* Dkt. No. 164. Instead, Plaintiff argued in his spoliation reply papers that the OSI video of the first use of force incident did not include the entire escort and therefore did not depict Defendant Orbegozo allegedly bumping into Plaintiff during the escort but before the use of force incident at the top of the stairs. *See* Dkt. No. 180 at ¶ 9. However, Defendants explained that, "uneventful portions of surveillance video which do not show any use of force are not preserved." Dkt. No. 179-2 at ¶ 12. Indeed, this Court considered Plaintiff's argument, and noted that "Plaintiff does not allege an injury, a fall, or a use of force by any Defendants until after he reached the top of the stairs" and "Plaintiff even admits that '[t]his video was preserved.'" Dkt. No. 185 at 9-10. Plaintiff's attempt to invent new facts and arguments in support of reconsideration is entirely inappropriate and this aspect of his motion for reconsideration is denied.[2]

---

[2] The Court notes that in the Pre-Filing Order barring Plaintiff from commencing any new cases in the Northern District of New York without prior permission from the Chief Judge, Chief Judge Sannes set forth Plaintiff's lengthy history of frivolous and vexatious filings, and specifically noted that Plaintiff has a history of making material misrepresentations in his filings

(continued...)

As to his arguments regarding the handheld video of the third incident, they are simply an improper attempt to relitigate issues already decided. For example, Plaintiff argues prejudice due to the loss of the handheld video because the facility surveillance video of the same incident is "less favorable." Dkt. No. 186 at 3. However, Plaintiff already argued "substantial prejudice" in his underlying motion, *see* Dkt. No. 164 at 3; Dkt. No. 180 at ¶ 17, which the Court considered and rejected. *See* Dkt. No. 185 at 12. Similarly, Plaintiff again argues that DOCCS' failure to preserve the handheld video should be imputed to Defendants. *See* Dkt. No. 186 at 4. However, this argument was considered and rejected by this Court, where it found that "there is no evidence that any of the Defendants were involved in the preservation of the DOCCS surveillance videos of the First Incident" or "that any Defendant accessed, destroyed, or altered either the video depicting the First Incident or the handheld camera video associated with the Third Incident." Dkt. No. 185 at 12. Plaintiff has failed to present any reason for the Court to reconsider this aspect of the motion for spoliation; and, therefore, this aspect of Plaintiff's motion for reconsideration is denied.

### 2. *Appointment of Counsel*

Plaintiff also seeks reconsideration of this Court's denial of his third motion for the appointment of counsel. Plaintiff argues that the Court overlooked his desire for counsel for depositions, to locate and interview potential inmate witnesses, interview staff and medical personnel, and to identify and depose expert witnesses. *See* Dkt. No. 186 at 3. Again, however, these arguments were raised in Plaintiff's underlying motion papers, *see* Dkt. No. 181 at 2-4, and were addressed in the Court's decision. *See* Dkt. No. 185 at 6. Since Plaintiff fails to point to any

---

²(...continued)
when he is attempting to circumvent both unfavorable decisions and the Three-Strikes Rule. *See In re Jay Bradshaw*, No. 9:21-pf-2, Dkt. No. 4 (N.D.N.Y.).

intervening change in the controlling law, new and previously unavailable evidence, or any controlling decisions overlooked by this Court, this aspect of his motion for reconsideration is denied.

### III. CONCLUSION

After careful review of the entire record in this matter, the parties submissions and the applicable law, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 186) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 4, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge