**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAY BRADSHAW,

                              Plaintiff,

    v.

MATTHEW WELCH, GABRIEL ORBEGOZO,
NATHAN LOCKE, C.O. RUSSELL, CPT. GRAVLIN,
DONALD UHLER, ERIC MARSHALL, C.O.
KILCOYNE, C.O. MITCHELL, C.O. MCCARGAR,
CPT.VESNESKE, C.O. GORDON, C.O. DUMAS,
C.O. OLSEN, and REGINALD BISHOP,

                              Defendants.

No. 9:21-CV-826
(ECC/PJE)

---

**APPEARANCES:**

Jay Bradshaw
08-A-2654
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff pro se

New York State Attorney General
The Capitol
Albany, New York 12224
Attorney for defendants

**OF COUNSEL**:

LELA M. GRAY, ESQ.
Assistant Attorney General

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### MEMORANDUM-DECISION AND ORDER

      Presently pending before the Court is defendants' Reginald Bishop, Dumas, Gordon, Gravlin, Kilcoyne, Nathan Locke, Eric Marshall, McCargar, Mitchell, Olsen, Gabriel Orbegozo, Russell, Donald Uhler, Vesneske, and Matthew Welchrequest ("Defendants") Motion to Compel the production of discovery pursuant to Rule 37 of the

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") filed March 25, 2025. See Dkt. No. 199. Specifically, defendants seek to compel plaintiff Jay Bradshaw ("plaintiff") to respond to their request for production dated January 28, 2025. *See id.* Plaintiff has not responded to the motion, the deadline for which was April 15, 2025. Defendants' counsel filed a status report indicating that a portion of their demands had been met, namely, plaintiff returned executed HIIPA-compliant authorizations. *See* Dkt. No. 203.

## I.     **Background**[1]

Familiarity with the facts and issues underlying this case is presumed. The Court will repeat the relevant facts herein only as necessary to review the instant motion. Defendants served a timely demand for the production of HIPAA-compliant authorizations, as well as copies of any documents, grievances, correspondences, notes, journals, and witness information to the extent plaintiff had not previously disclosed them. *See* Dkt. No. 199-2. The demand contained a single interrogatory seeking the identity of any non-party witnesses to the alleged incidents on July 12, 2021. *See id*. at 6. Defendants sought, and the Court granted, an extension of the discovery deadline until March 11, 2025, to allow plaintiff additional time to respond to the demands. *See* Dkt. Nos. 197, 198. Having not received from plaintiff any responses or requests for more time to respond, on March 25, 2025, defendants filed the instant motion.

After filing this motion, defendants submitted a status report with the Court indicating that plaintiff returned the executed HIIPA-compliant authorizations; thus, defendants considered that portion of their motion to compel resolved. *See* Dkt. No.

---

[1] The Court's citations are to the pagination located at the header of each page, generated by the Court's case management and electronic filing system.

203. Defendants provide that the remainder of their Request for Production and Motion to Compel remains unresolved *See id*. Specifically, the request for production of copies of any documents, grievances, correspondences, notes, journals, and witness information to the extent not previously disclosed is outstanding.

### III.   **Legal Standards**

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). Rule 26 tasks the Court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (*citing In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008).

"The party seeking discovery bears the initial burden of proving the discovery is relevant[.]*" Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) (citing *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012) (citations omitted)). During the pre-trial discovery stage, "[t]he relevance standard is construed broadly 'to encompass any matter that bears on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case.'" *Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co.,* No. 09-CV-835 (DNH/TWD), 2012 WL 12896163, at *2 (N.D.N.Y. Dec. 21, 2012) (quoting *Oppenheimer Fund, Inc.,*

3

437 U.S. at 351); *see also Cohen v. Altman*, No. 19-CV-274 (TJM/TWD), 2021 WL 6106432, at *1 (N.D.N.Y. Jun. 4, 2021) ("Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial."). "Once any possibility of relevance sufficient to warrant discovery is shown, the burden shifts to the party opposing discovery to show the discovery is improper." *Condit v. Dunne*, 225 F.R.D. 100, 106 (S.D.N.Y. 2004) (citation and internal quotation marks omitted). "Generally, discovery is only limited when 'sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant' or privileged." *Id.* (quoting *Melendez v. Greiner*, No. 01-CV-7888 (SAS/DF), 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003)) (additional citation omitted).

"Motions to compel made pursuant to Rule 37 are 'entrusted to the sound discretion of the district court.'" *Harris v. Bronx Parent Hous. Network, Inc.,* No. 18-CV-11681, 2020 WL 763740, at *1 (S.D.N.Y. Feb. 14, 2020) (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)). Where a party fails to participate or otherwise cooperate in discovery, the opposing party can seek an order compelling certain discovery. *See* FED. R. CIV. P. 37; *see also* N.D.N.Y. L.R. 37.1(h) ("The parties shall file any motion to compel discovery that these Rules authorize no later than FOURTEEN DAYS after the discovery cut-off date.") (citing N.D.N.Y. L.R. 16.2).

### IV. Discussion

Defendants have made a narrow request for any documents, grievances, correspondences, notes, journals, and witness information to the extent not previously disclosed by plaintiff, as they related to the July 12, 2021, incidents. *See* Dkt. No. 199-2. Plaintiff has not responded to the request, nor to the motion to compel the request. The

Court is satisfied that defendants have met their "initial burden of proving the discovery is relevant[.]" *Citizens Union of City of N.Y.,* 269 F. Supp. 3d at 139 (citing *Fireman's Fund Ins. Co.,* 284 F.R.D. at 135 (internal citations omitted)).  The request is limited in that it seeks only documents, grievances, correspondences, notes, journals, and witness information related to the July 21, 2021, incident.  All the requested items have potential relevance to the claims and defenses presented by this litigation.

If the moving party meets this "relatively low threshold," the non-moving party must show that, "despite the broad and liberal construction afforded the federal discovery rules," the request lacks relevance and the information sought is, therefore, not discoverable. *T.H. by Shepherd v. City of Syracuse*, No. 5:17-CV-1081 (GTS/DEP), 2018 WL 3738945, at 2 (N.D.N.Y. Aug. 7, 2018) (citing *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014)).  Here, plaintiff has not established that the request lacks relevance as plaintiff has not responded at all.  Regardless of his failure to respond, in reviewing the record to date, and considering the claims plaintiff raises in his Third Amended Complaint, Dkt. No. 119, the Court does not find any support for an argument that the requested documents, grievances, correspondences, notes, and journals and the requested information concerning potential witnesses, lack relevance or are otherwise "sought in bad faith, to harass or oppress the party subject to it . . ." *Condit v. Dunne*, 225 F.R.D. 100, 106 (S.D.N.Y. 2004), citing *Melendez v. Greiner,* No. 01 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003).

V. **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that defendants' Motion to Compel, 199, is **GRANTED**; and it is further

**ORDERED**, that plaintiff is to fully comply by serving such responses on defendants within thirty (30) days of the filing date of this Memorandum-Decision & Order; and it is further

**ORDERED**, that the Clerk serve this Memorandum-Decision & Order on parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: May 20, 2025
      Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge