**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAY BRADSHAW,

                            Plaintiff,

    v.
                                                No. 9:21-CV-826
MATTHEW WELCH, GABRIEL ORBEGOZO,        (ECC/PJE)
NATHAN LOCKE, C.O. RUSSELL, CPT. GRAVLIN,
DONALD UHLER, ERIC MARSHALL, C.O.
KILCOYNE, C.O. MITCHELL, C.O. McCARGAR, CPT.
VESNESKE, C.O. GORDON, C.O. DUMAS,
C.O. OLSEN, and REGINALD BISHOP,

                            Defendants.

---

**APPEARANCES:**                                  **OF COUNSEL**:

Jay Bradshaw
08-A-2654
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff pro se

New York State Attorney General              LELA M. GRAY, ESQ.
The Capitol                                    Assistant Attorney General
Albany, New York 12224
Attorney for defendants

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

     Presently before the Court is plaintiff's second motion to compel the production of documents in response to his eighth request for production. *See* Dkt. No. 202. Defendants opposed the motion. *See* Dkt. No. 204. Plaintiff's motion is untimely and

otherwise fails to establish any deficiencies in the defendant's response to his eighth request for production; therefore, plaintiff's motion is denied.

## I. **Background**

Familiarity with the facts and issues underlying this action is presumed; thus, the Court will repeat the relevant facts herein only as necessary to review the instant motion.   This action involves a use-of-force incident that occurred on July 12, 2021, at Upstate Correctional Facility.  *See* Dkt. No. 119 ("Second Amended Complaint").  A discovery conference was held on December 20, 2024, and the Court set a discovery deadline of February 10, 2025.  *See* Dkt. No. 193.  On January 2, 2025, defense counsel received plaintiff's eighth request for document production, dated December 22, 2024. *See* Dkt. No. 204 at ¶6.  Defendants' responses and objections to plaintiff's eighth request for document production were served on January 28, 2025.  *See id.* at ¶ 7 .  No further communication was had between plaintiff and defendants regarding plaintiff's eighth request for production of documents.  *See id.* at ¶ 12.

Defendants requested and were granted a thirty-day extension of discovery deadlines to give plaintiff more time to respond to defendants' discovery demands. *See* Dkt. Nos. 197, 198.  Discovery deadlines in this matter were extended to March 11, 2025. *See* Dkt. No. 198.  Plaintiff filed this second motion to compel on April 14, 2025. *See* Dkt. No. 202.  In his eighth request for production, plaintiff seeks copies of all videos related to the superintendent's hearing. *See* Dkt. No. 202 at 3.  Additionally, plaintiff requests copies of the planning grid for the months of April through July 2021 for defendants Locke, Gordon, Marshall, and Orbegozo.  *See id.*  Plaintiff also seeks the

production of Unit Activity Logs for Upstate Building 10[1] for the same months in 2021. *See id.* Defendants object to providing copies of the security videos, citing concerns about unreasonable security risks that may arise from their disclosure. *See* Dkt. No. 202 at 7. Defendants further claim that all videos from the incidents on July 12, 2021, were shared with plaintiff during a controlled review of the OSI file on September 11, 2023. *Id.* Defendants next contend that there exists legitimate objection to plaintiff's demands for copies of the planning grid relevant to the periods in question. They assert that the allegations plaintiff makes specifically relate to four use-of-force incidents that took place on July 12, 2021, the corresponding planning grids for which they already provided to plaintiff. *See* Dkt. No. 202 at 8. Defendants maintain that producing security planning grids beyond that date would not yield relevant information, and such request is unduly burdensome, overbroad, irrelevant, and disproportionate to plaintiff's needs.

Defendants allege their response to plaintiff's request for building 11 Unit activity logs was adequate. They contend plaintiff was not housed in building 11 on the day of the alleged incidents, and, further, that there is no evidence demonstrating defendants' control over their assignments within the DOCCS facility at that time. *See* Dkt. No. 204-3 at 9. Consequently, defendants conclude plaintiff's request is unduly burdensome, overbroad, not relevant, not proportionate to the needs of the case, and creates an unreasonable security risk. *See id.* Defendants contend that they have already produced to plaintiff the unit activity logs for July 12, 2021, for building 10, where they claim plaintiff was housed. To the extent his request seeks logs for dates other than the

---

[1] In his eighth demand for production plaintiff seeks the "upstate, 11 Building logs." Defendants respond the plaintiff was not in building 11, rather building 10. In his motion to compel, plaintiff claims a demand for building 10 logs. The Court will consider the demand and the response to the demand as it relates to logs of building 10. *See* Dkt. No. 202 at 3, 8; Dkt. No. 204-1.

day of the incidents, defendants assert that they are not relevant, unduly burdensome, overbroad, and not proportionate to the needs of the case.  *See id.*

## II.     **Legal standards**

Under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1).  Rule 26 directs the Court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*  "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

"Motions to compel made pursuant to Rule 37 are 'entrusted to the sound discretion of the district court.'" *Harris v. Bronx Parent Hous. Network, Inc.,* No. 18-CV-11681, 2020 WL 763740, at *1 (S.D.N.Y. Feb. 14, 2020)[2] (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)).  Where a party fails to participate or otherwise cooperate in discovery, the opposing party can seek an order compelling certain discovery. *See* FED. R. CIV. P. 37.  This Court's Local Rules require that any motion to compel discovery be filed no later than fourteen (14) days after the deadline for completing discovery or as otherwise extended by the Court. *See* Dkt. No. 105 at 6 n.6; N.D.N.Y. L.R. 16.2, 37.1(h).

---

[2]  The Court has provided plaintiff with copies of unpublished cases cited herein.

A plaintiff's *pro se* status does not excuse failure to abide by the District Court's procedural rules. "As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules." *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 426-27 (N.D.N.Y. 2009) (*citing McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *see also Brunson v. Jonathan*, 677 F. Supp. 2d 640, 642 (W.D.N.Y. 2010) (denying as untimely a *pro se* plaintiff's motion to compel filed two and a half months late.).

### III.  Discussion

Plaintiff's second motion to compel is plainly untimely. Discovery deadlines were extended until March 11, 2025, to give the plaintiff more time to respond to defendants' discovery demands. *See* Dkt. No. 198. Aa noted, the Court's Mandatory Pretrial Discovery and Scheduling Order, Dkt. No. 105, at 6 n.6, and Local Rules 16.2 and 37.1(h), require plaintiff to file any motion to compel discovery within fourteen days following the discovery deadline, which was on or before March 25, 2025. Plaintiff's second motion to compel was filed on April 14, 2025. *See* Dkt. No. 202. Plaintiff proffers no justification or cause for his late filing.

In addition to the unexcused procedural violations noted above, the Court finds that defendants have appropriately responded to plaintiff's demands. Even assuming, *arguendo*, that plaintiff's motion was timely filed, the Court would still deny plaintiff's motion on the merits. Specifically, the Court agrees with defendants that providing

copies of the security videos plaintiff requests poses unreasonable security risks. *See Cisse v. Mitchell*, 22-CV-6071FPG, 2024 WL 2794251, at *2 (W.D.N.Y. May 31, 2024) (citing *Henry v. Liberty*, 9:15-CV-1108, 2017 WL 633409, at *5 (N.D.N.Y. Feb. 16, 2017) ("mindful of the legitimate concerns of DOCCS and the facility, . . . the [c]ourt agrees that providing [p]laintiff with an opportunity to review the [r]eport, but not possess it, is the appropriate course which adequately protects all the parties' interests")). Further, the Court observes that plaintiff has been given an opportunity to review all the relevant videos during a controlled review of the OSI file that occurred on September 11, 2023. *See* Dkt. No. 202 at 7; Dkt. No. 179-2 at ¶ 21 (Skiff Decl.) Defendants have confirmed that DOCCS indicated it had no other or further videos depicting any of the incidents involving the plaintiff on July 12, 2021. *See* Dkt. No. 144.

Finally, Court agrees with defendants that their response and objections to plaintiff's demand for copies of the planning grid for the entire months of April 2021 to July 2021 for Locke, Gordon, Marshall, and Orbegozo, and their response to plaintiff's demand for Upstate Building 11 Unit Activity logs for the same period of time are not relevant, other than as to the planning grids or building logs for July 12, 2021, which have already been produced. *See* Dkt. No. 202 at 8; Dkt. No. 204-3 at 9. As defendants highlight, there is no evidence that any defendant had any involvement in determining their post assignments for July 12, 2021, or any other day. Therefore, plaintiff's requested productions will not lead to relevant information and are overbroad and not proportionate to the plaintiff's needs to prosecute his case. That portion of plaintiff's demands that the Court finds are even marginally relevant and proportionate to the

6

plaintiff's claims, namely, the planning grid and the building logs for July 11, 2021, have already been produced.

### IV.  Conclusion

**WHEREFORE**, For the reasons set forth herein, plaintiff's Second Motion to Compel, Dkt. No. 202, is **DENIED.**

**IT IS SO ORDERED.**

Dated: January 5, 2026
Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge