**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAY BRADSHAW,

                             Plaintiff,                        9:21-cv-826
                                                    (ECC/PJE)

v.

MATTHEW WELCH, *et al.*,

                          Defendants.

---

**Appearances:**

Jay Bradshaw, *Pro Se Plaintiff*
Lela M. Gray, Asst. Att'y Gen., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Jay Bradshaw commenced this action pro se, asserting claims under 42 U.S.C. § 1983 arising out of his incarceration at Upstate Correctional Facility.  Second Amended Complaint (SAC), Dkt. No. 119.[1]  On July 25, 2025, Defendants filed a motion for partial summary judgment under Fed. R. Civ. P. 56(a) seeking to dismiss the Second Amended Complaint.  Dkt. No. 209. Plaintiff filed an opposition to Defendants' motion.  Dkt. No. 216.  This matter was assigned to United States Magistrate Judge Paul J. Evangelista who, on February 9, 2026, issued a Report-Recommendation and Order recommending that Defendants' motion for summary judgment be granted in part and denied in part.  Dkt. No. 223.  Magistrate Judge Evangelista advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to

---

[1] Plaintiff erroneously labeled the Second Amended Complaint as the Third Amended Complaint. *See* Dkt. No. 130 at 3 n. 2.

the report and that the failure to object to the report within fourteen days would preclude appellate review.  Dkt. No. 223 at 27-28.  No objections have been filed.

Additionally pending before the Court is Plaintiff's appeal of Magistrate Judge Evangelista's Decision and Order denying Plaintiff's motion to compel certain discovery.  Dkt. No. 221.

## II.    APPEAL OF DISCOVERY ORDER

### A.    Background

As relevant to this appeal, a discovery deadline of February 10, 2025 was set in this case. Dkt. No. 193.  On January 2, 2025, defense counsel received Plaintiff's eighth request for document production.  Dkt. No. 204 ¶ 6.  Defendants' responses and objections were served on January 28, 2025.  *Id.* at ¶ 7.  Defendants thereafter requested and were granted a thirty-day extension of the discovery deadline, and the discovery deadline was extended to March 11, 2025. Dkt. Nos. 197, 198.

Plaintiff filed a motion to compel on April 14, 2025, with respect to certain discovery requested in his eighth request for document production.  Dkt. No. 202.  Specifically, Plaintiff sought a court order compelling the production of (1) video footage related to a disciplinary hearing, (2) the planning grid for the months of April through July 2021 for defendants Locke, Gordon, Marshall, and Orbegozo, and (3) Unit Activity Logs for Upstate Building 10 for the same months in 2021.  *See generally id*.  Defendants opposed Plaintiff's motion to compel, arguing that Plaintiff's motion to compel was untimely, Plaintiff made no good faith attempt to resolve the discovery issues before filing a motion to compel, and that Defendants appropriately responded to Plaintiff's demands.  Dkt. No. 204-3 at 5-7.

On January 15, 2026, Magistrate Judge Evangelista issued a Memorandum-Decision and Order denying Plaintiff's motion to compel, for substantially the same reasons cited by Defendants in their opposition. Dkt. No. 220.  Plaintiff's appeal of Magistrate Judge Evangelista's Order is pending before this Court.  Dkt. No. 221.

### B.      Legal Standard

"When reviewing an appeal from a pretrial non-dispositive motion decided by a magistrate judge, the court will affirm the order unless it is clearly erroneous or contrary to law." *Ctr. for Food Safety, Inc. v. Wood Farms, LLC*, No. 5:23-cv-399 (FJS/ATB), 2023 WL 11116397, at *2 (N.D.N.Y. Sept. 26, 2023) (quoting *Jones v. Smith*, No. 9:09-cv-1058 (GLS/ATB), 2015 U.S. Dist. LEXIS 131974, *4 (N.D.N.Y. Sept. 30, 2015) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a))).  "A decision is clearly erroneous where 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Collymore v. City of New York*, No. 16-cv-8270, 2021 WL 2269538, at *1 (S.D.N.Y. June 3, 2021) (quoting *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (citation omitted)). "An order is 'contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Id*. (quoting *Knitting Fever, Inc. v. Coats Holding Ltd.*, No. 05-cv-1065, 2005 WL 3050299, at *3 (E.D.N.Y. Nov. 14, 2005) (internal quotation marks and citation omitted)). "This standard of review is 'highly deferential'; 'magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused.'" *Id.* (quoting *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2013) (internal quotation marks and citation omitted)).

**C.    Discussion**

Plaintiff has not offered any basis for finding that Magistrate Judge Evangelista's Decision

and Order was clearly erroneous or contrary to law.  Magistrate Judge Evangelista properly found

that Plaintiff's motion was untimely. "[A] party seeking to file a motion to compel after discovery

has closed must . . . establish good cause." *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136,

139 (S.D.N.Y. 2011).  Even assuming Plaintiff is entitled to additional solicitude from the Court

because of his pro se status,[2] that status "does not function as a substitute for an actual showing

of good cause." *Morales v. Mackenzie*, No. 5:17-cv-124, 2021 WL 1018614, at *2 (D. Vt. Mar.

17, 2021) (citation omitted).  Plaintiff has not offered any justification or cause for his late filing.

Indeed, Plaintiff does not address this basis for denial at all in his appeal.  To the extent Plaintiff

believed Defendants had improperly failed to turn over certain discovery in conjunction with his

eighth request for document production, he could have brought the issue to the Court's attention

before the motion to compel deadline passed and fact discovery closed, but he did not. Plaintiff's

motion to compel was therefore appropriately denied as untimely.

Magistrate Judge Evangelista alternatively denied Plaintiff's motion to compel on the

merits.  Specifically, Magistrate Judge Evangelista reasoned that Plaintiff's outstanding requests

would not lead to relevant information, were overbroad, and were not proportionate to Plaintiff's

---

[2] The "appropriate degree of special solicitude is not identical with regard to all pro se litigants."
*Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010). "The 'degree of solicitude may be
lessened,' for example, where a particular pro se litigant is 'experienced in litigation and familiar
with the procedural setting presented.'" *Jeanty v. Sciortino*, 669 F. Supp. 3d 96, 107 (N.D.N.Y.
2023) (quoting *Tracy,* 623 F.3d at 101-02).  "A court may exercise its discretion, 'based on the
totality of the relevant circumstances,' to determine 'what degree of solicitude, if any, should be
afforded.'" *Id*. (quoting *Tracy,* 623 F.3d at 101-02).  Here, it appears that Plaintiff has litigated at
least twelve Section 1983 actions as a pro se plaintiff in the Northern District of New York since
2019 concerning the conditions of his confinement in DOCCS custody.  Given Plaintiff's
experience in litigation, the Court expects him to comply with the Federal Rules of Civil Procedure
and this Court's Local Rules.

needs to prosecute his case.  Dkt. No. 220 at 5-7.  These alternative bases to the decision to deny Plaintiff's motion to compel were well within Magistrate Judge Evangelista's discretion.  *See Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (upholding Magistrate Judge's denial of motion to compel where requested production "would not establish" a ground for relief); *Bellinger v. Astrue*, No. 06-cv-321, 2011 WL 13294967, at *3 (E.D.N.Y. Feb. 16, 2011) (upholding Magistrate Judge's denial of motion to compel where additional discovery may have been impossible or futile).

For all of the above reasons, the Order denying Plaintiff's motion to compel additional discovery is affirmed.

## III.    REPORT-RECOMMENDATION ON SUMMARY JUDGMENT

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

**WHEREFORE,** it is hereby

**ORDERED** that Magistrate Judge Evangelista's January 6, 2026 Memorandum-Decision and Order denying Plaintiff's motion to compel further discovery, Dkt. No. 220, is **AFFIRMED**, and that Plaintiff's appeal, Dkt. No. 221, is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Evangelista's February 9, 2026 Report-Recommendation, Dkt. No. 223, is **ADOPTED** in all respects; and it is further

**ORDERED** that Defendants' motion for partial summary judgment, Dkt. No. 209, is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that Defendants' motion is **GRANTED** to the extent the following claims are **DISMISSED with prejudice:** (1) Plaintiff's Eighth Amendment failure-to-protect claims against Defendants Uhler and Bishop; (2) Plaintiff's Eighth Amendment failure-to-protect/intervene claims against Defendants Olsen and Gravlin; and (3) Plaintiff's First Amendment retaliation claims against Defendants Locke, Russell, and Welch; and it is further

**ORDERED** that Defendants' motion is in all other respects **DENIED,** and it is further

**ORDERED** that the following claims will proceed to trial: (1) Plaintiff's Eighth Amendment excessive force/failure-to-intervene claims against Defendants Vesneske, Orbegozo, Marshall, Locke, Kilcoyne, Russell, Welch, Mitchell, Dumas, Gordon, and McCargar; and (2) Plaintiff's First Amendment retaliation claims against Defendants Gordon, Orbegozo, and Marshall; and it is further

**ORDERED** that the that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 3, 2026

Elizabeth C. Coombe
U.S. District Judge